Original

Honorable David G. Trager
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201



RECEIVED
DEC 2 6 2006
PRO SE OFFICE

Re: Jeter v New York City Department of Education, et al.

06 CV 3687 (DGT)(LB)

Dear Judge Trager:

Plaintiff, Ernest Jeter, *pro se,* is writing this letter to the Court in response to Defendants' letter to the Court dated December 18, 2006 to request for a pre-motion conference in order to file a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6). In addition, Defendants have also stated that Plaintiff's complaint is barred based on the following grounds of *res judicata,* collateral estoppel. Since Your Honor's local rules specify that Plaintiff's response should be no longer than three (3) pages, Plaintiff will highlight some of the reasons why the Court should deny Defendants' request, and reserve the right to issues not discussed in this response to Defendants' request. Therefore, Plaintiff is respectfully requesting that the Court waive Your Honor's local rules in respects to the three (3) pages limitation if Plaintiff's response is a little over the three (3) pages.

The two issues of major concern to Plaintiff are the *res judicata* and the lack subject matter jurisdiction.

First, in matters pertaining to *res judicata,* Plaintiff would like to state up front that Plaintiff is not trying to re-litigate issues that were litigated in a previous action, i.e., *Jeter v. Board of Education of the City of New York,* docket no. 99CV 2537 (DGT)(CLP) (*Jeter I*). In addition, Plaintiff is not trying to re-introduce evidence or testimony from *Jeter I* to *Jeter II.* If the Court will examine the complaint, memorandums of law, and other documents and exhibits submitted during *Jeter I* and compare the allegations in complaint Plaintiff filed on July 27, 2006 (*Jeter II*), the Court will see that most of the issues occurred or transacted during the time Plaintiff filed *EEOC* charges in August of 2005.

It seems that the Defendants are mistaking the fact that just because *Jeter I* ended on March 25, 2004, *res judicata* applies to *Jeter II. Jeter I* was commenced in 1999 and was based on a right-to-sue letter issued by the *EEOC*. The Defendants did not cite any issues that were already decided in *Jeter I* that Plaintiff is attempting to re-litigate in *Jeter II;* simply because, the Defendants cannot and will not be able to produce issues that Plaintiff is attempting to re-litigate in *Jeter II.* If any issues happens to appear, the Court will have see the specifications and sub-specifications in the *3020-a charges* the *DOE* initiated against Plaintiff in June 2005 in order to ascertain how the *DOE* attempted to used information from a previous to bring *3020-a charges* against Plaintiff.

In addition, Plaintiff included the "*beginning on April 2003 or earlier*" in *Jeter II* to refer to February 24, 2003 because that is the start date from which the Defendant, New York City Department of Education, (*DOE*) has chosen to start the *3020-a charges* against Plaintiff, and

1



this inclusion is not related to *Jeter I*. The *3020-a charges* clearly could not have been raised during the previous action because the *3020-a charges* were not filed against Plaintiff until June 2005 when the *DOE* filed disciplinary charges against Plaintiff. There are also other incidents and actions that are not related to *Jeter I* or could not have been raised in the previous action because the *DOE* did not take action on this or these actions until June 2005, e.g., the letter written by Bonnie Brown, current Superintendent of District 75, threatening Plaintiff with disciplinary actions, and the email written by her on April 1, 2003 stating that "*we want to charge him*". These examples make it clear that the Defendants' suggestions, "ACTS OCURRING [sic] PRIOR TO MARCH 25, 2004 ARE BARRED BY *RES JUDICATA*", in this regards are erroneous assertions.

Second, Defendants state that the U.S. Equal Opportunity Commission (*EEOC*) adopted each of the NYSDHR's no probable cause findings. The Defendants continued by stating that the *EEOC* issued right-to-sue letters on determinations date October 5, 2005 and March 16, 2006 on January 11, 2006 and May 4, 2006. But the Defendants failed to mention dates when each of the *EEOC* charges were filed. For the period covering the NYSDHR's no probable cause findings for October 5, 2005and the January 11, 2006 *EEOC* right-to-sue letter, the *EEOC* charges were filed in July 2004. For the NYSDHR's no probable cause findings for March 16, 2006 and the *EEOC* right-to-sue letter dated May 4, 2006, the *EEOC* charges were filed in August 2005 based on different facts and included different individuals.

It is clear that the District would not have jurisdiction over discrete discriminatory acts for acts that happen after the July 2004 *EEOC* charges for the right-to-sue letter issued on January 11, 2006. In *National Railroad Passenger Corporation v. Morgan, 455 U.S. 385 102 S.Ct. (Amtrak v. Morgan)*, the Supreme Court clearly delineated when a complaint must be filed for discrete discriminatory acts and a hostile work environment claim. The Supreme Court stated that "A party must file a charge within either 180 or 300 days of the date that a discrete retaliatory or discriminatory act "occurred" or lose the ability to recover", and in addition, "Each discrete discriminatory act act starts a new clock for filing charges alleging that act" (ibid).

When the *EEOC* issued the first right-to-sue letter on January 11, 2006, the *EEOC* was still considering the complaint filed on August 27, 2005. Therefore, had not exhausted the administrative pre-conditions to filing a suit in the Federal Court on discrete discriminatory acts that occurred within the 300 days from the *EEOC* complaint that was filed on August 27, 2005. Plus, this right-to-sue have to be reviewed in conjunction with *DOE's 3020-a charges* filed and pursued against plaintiff. In Lo v. Pan American World Airways, Inc., 787 F.2d 827 (2nd Cir. 1986 in which the Defendants cite, this case specifically states that the second right-to-sue letter based on the same facts as in the first right-to-sue letter is time barred. In Plaintiff's case, the second right-to-sue letter is not based on the same facts or the exact same individuals as in the first right-to-sue letter. Therefore, Defendants request should be denied.

Furthermore, the right-to-sue letter issued based on the July 2004 *EEOC* complaint did not include Plaintiff's complaint about the *DOE* filing false disciplinary charges charges in June 2005 for insubordination, misconduct and false allegations of *criminal conduct* when in fact there are no public records to support this allegation. These discriminatory acts clearly required that Plaintiff file *EEOC* charges that covered the period after the *EEOC* charges were filed in July 2004. These facts are made clear by the Defendants request for a "*STAY*" pending the *3020-a*

*Hearing.* They are the same charges that Plaintiff complained about in his *EEOC* complaint in August 2005. The Court must also consider that the *DOE* charged Plaintiff with allegations of misconduct in June 2005 that occurred in February 2003 and May 2004.

In respects to sections 1981 and 1983, etc, Plaintiff is also respectfully requesting that the Defendants' request be denied. Plaintiff is confident that there are matters not raised that are not applicable to findings made by state administrative agencies. The Defendants stated in its letter to the Court "As such, any matters Plaintiff raised in those forums that are identical to matters raised here................" should be precluded. This statement by Defendants implies that there are matters that were not raised in the other forums. On the face of Plaintiff's complaint, Plaintiff has stated a claim for which relief can be granted and that is all that is required by Rule 8.

In addition, Plaintiff complaint pursuant to the NYS Human Rights' Laws should not be dismissed because the issue of termination has not been adjudicated by the NYSDHR or the *3020-a Hearing,* i.e., should that be the conclusion of the *3020-s* hearing officer. This is in no way implies that a "*STAY*" should be granted. Plaintiff is alleging that any delay in this proceeding will or could have prejudicial effect on Plaintiff's case that may cause irreparable harm, i.e., potential witnesses may move or pass away or potential evidence may disappear. If the decision in the *3020-a hearing* adversely effect Plaintiff, Plaintiff can request leave from the Court to amend the complaint.

Also, in respect to sections 1985 and 1986, Plaintiff is also requesting that the Court deny Defendants request for pre-motion conference to seek dismissal of these sections. The request to deny is base on the premise that during discovery, Plaintiff may discover that others outside of the City of New York acted in concert with the City of New York employees, and therefore null and void the *intracorporate immunity doctrine*.

For the above reasons, Plaintiff is respectfully requesting that the Court deny Defendants request for a pre-motion conference to seek permission to file a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a claim for which relief can be granted. Plaintiff is requesting that the Court direct the Defendants to provide an answer to Plaintiff's complaint.

At this time, Plaintiff would like to inform the Court that the majority of cases Defendants cited in it's letter to the Court could only be located on Lexis. Finding these cases caused plaintiff considerable difficulties. Thanks to a para-legal student at Brooklyn College, Plaintiff was able to gather some of the cases. Plaintiff is seeking the Court assistance with resolving this concern because this fact caused harm to Plaintiff putting forth the best argument that is backed by case law. Any assistance with this matter will be deeply appreciated.

Plaintiff would like to thank the Court in advance for considering this matter.

3

Dated: December 26, 2006

                                                  Respectfully submitted

                                                  *[signature]*

                                                Ernest Jeter, *Pro Se*
                                                124-21 Flatlands Avenue/1J
                                                Brooklyn, New York 11208
                                                (347) 596-7357 (Cell)
                                                (718) 498-6437 (Home)

C: 1) Honorable David G. Trager
   2) Honorable Lois Bloom
   3) Mr. Daniel Chui (via regular and electronic mail)
      Assistant Corporation Counsel
      The City of New York
      Law Department
      100 Church Street
      New York, New York 10007