UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERNEST JETER,

                                    Plaintiff,

                    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, *et al.*,

                                    Defendants.

AFFIDAVIT IN SUPPORT
OF PLAINTIFF'S MEMORANDUM
OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S
COMPLAINT

Docket No. 06 Civ. 3687
(DGT)(LB)

Plaintiff, Ernest Jeter, swears and attests that he is competent to testify to all matters stated in

Plaintiff's Memorandum of Law in Opposition to defendants' motion to dismiss Plaintiff's

complaint. Plaintiff further attests that all the facts and attached papers or part thereof in support

of Plaintiff's request that defendants' motion be denied are based on Plaintiff's personal

knowledge of facts that can/maybe admitted as evidence; Plaintiff is competent to testify to the

matters stated within.

Plaintiff have personal knowledge that the defendants have committed extrinsic fraud and

misrepresentation of facts in those proceedings in order to deprive Plaintiff of a full and fair

opportunity to litigate matters that was before two New York State administrative agencies or

proceedings.

1

Plaintiff further swears and attests that the attached exhibits in support of Plaintiff opposition to defendants' motion to dismiss Plaintiff's complaint are true copies of documents that will support Plaintiff's request that defendants' motion should be denied. The exhibits in support of Plaintiff's opposition to defendants' motion are:

Exhibits:

A. Bonnie Brown's email to Rachel Henderson dated 4-1-03

B. Bonnie Brown's letter to Plaintiff Ernest Jeter dated may9, 2003

C. Yvonne Joseph's letter to Thomas Hyland dated December 28, 2004

D. The Special Commissioner of investigation for the New York City School District (SCI) Investigator Michael Bisogna's

E. Plaintiff's, Ernest Jeter, NYSDHR "Verified Complaint" dated 8-11-2005

F. Plaintiff's, Ernest Jeter, NYSDHR " Verified Complaint" dated 7-6-2004 (Third page missing)

G. NYSDHR "Determination and Order" for "Verified Complaint" dated 7-6-2004

H. Package of information pertaining to plaintiff's complaint to Mayor Bloomberg numbered 1-19 by Plaintiff

I. Plaintiff's complaint to SCI dated 6-6-03

J. Excerpts of Rosina DeMarco's 3020-a testimony

K. Excerpts of Mary Flynn's 3020-a testimony

L. Plaintiff's complaint to New York City Department of Education's (DOE) Office of Equal Opportunity Complaint (OEO) Unit dated June 1, 2005 and completed complaint form in re Bonnie Brown, Deputy Superintendent and Francine Dreyfus, Local Instructional Superintendent. Plus, A response from OEO in re Plaintiff's complaint

M. DOE's responses dated October 12, 2005 to Plaintiff's NYSDHR"Verified Complaint"

dated 8-11-2005

N. Disciplinary Charges filed by Bonnie Brown, current Superintendent of District 75
against Plaintiff, Ernest Jeter, on 6-29- 2006

O. Excerpts of Silvia Sera's and Michael Bisogna's 3020-a testimonies

P. Excerpts of Ayanna McHugh's 3020-a testimony

Q. Excerpts of Neil Laskowitz 3020-a testimony

R. Excerpts of Francine Dreyfus 3020-a testimony

S. Excerpts of Margo Levy's 3020-a testimony

T. Excerpts of Susan Erber's 3020-a testimony

Plaintiff, therefore, swear under the penalty of perjury that the above named documents annexed
to his affidavit or any additional addendum exhibits in support of plaintiff request that the
defendants' motion to dismiss Plaintiff's complaint be denied are true and correct copies.

Dated:  Brooklyn, New York
        March 3, 2007

                                                    Ernest Jeter

NOTARY

Margaret A. Jennas
Notary Public, State of New York
Qualified in Kings County
No. #01JE6002855
Commission Expires June 2, 20 10

3

Exhibit A

| | |
|---|---|
| **From:** | Brown Bonnie (D75) |
| **To:** | Henderson Rachel (75K811) |
| **Cc:** | |
| **Subject:** | Jeter |
| **Attachments:** | |

**Sent:** Tue 4/1/2003 11:44 AM

Is he working a full week as mandated by Susan or still 3 days? Please let me know as we want to charge him at this point since Medical has found him fit to work a full week. Make sure Flynn is docking his days and it is effecting his salary since he has no CAR time. On another note——hi Rachel——Maureen has been working on an assignment from central for me relating to plaintiffs issues that were raised. She called or e mailed about a specific child attending 811K and I need an answer from you. Do you know what I am talking about?

Exhibit B



**DISTRICT 75**
**DR. SUSAN ERBER, *SUPERINTENDENT***

| | |
|---|---|
| Postage | $ .37 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | 1.75 |
| Total Postage & Fees | $ 4.42 |

Ernest Jeter U S

Madison Sta.
Postmark Here R.S.
05/10/03

Sent To Maria Veler
Street, Apt. No.; or PO Box No. Rm 41
City, State, ZIP+4

PS Form 3800, January 2001    See Reverse for Instructions

May 9, 2003

Mr. Ernest Jeter
Guidance Counselor
P 811K

Dear Mr. Jeter:

On May 8, 2003  I met with you and your UFT representative Al Mancuso.
Also present was Conrad Reitz, Superintendent's Representative. We met to discuss your
failure to follow the Superintendent's instructions and your attendance to date.

I reminded you that by letter dated February 24, 2003 the Superintendent had assigned
you to work on Tuesdays and Thursdays at the main site of 811K. And further that on March
27, 2003 you had been found fit for duty by the Medical Bureau without accommodation to any
disability.

A review of your attendance from February 24, 2003 shows   that you were absent on
the following days:

Tuesday, February 25, Thursday, February 27

Tuesday, March 4, Thursday, March 06, Tuesday, March 11,
Thursday, March 13, Monday, March 17,Tuesday, March 18
Thursday, March 20,Tuesday, March 25,

Tuesday, April 1, Thursday, April 3, Friday, April 4
Tuesday, April 8, Thursday, April 10, Friday, April 11
Tuesday, April 15,Monday, April 28, Tuesday, April 29

Thursday, May 1, Tuesday, May 6

When you were asked to respond to these absences you stated that you had offered your
medical file to the Medical Bureau on March 27, 2003 to indicate why you go to the Veteran's
Hospital on Tuesdays and Thursdays, but the doctor there said there was too many records.
You also stated that the doctor at the Medical Bureau gave you a letter in which he requested
specific medical documentation, but as of this time you had not complied with that request.

In the above period of time you have been absent 21 days. This is an excessive amount
of  absence which negatively impacts the quality of guidance services to students and parents
of 811K.

DR. SUSAN ERBER • SUPERINTENDENT

DISTRICT 75 • 400 FIRST AVENUE • NEW YORK • NEW YORK • 10010
212 •802 •1502 - FAX: 212 •802 •1678 – Email: SERBER@NYCBOE.NET

Ex. B

In addition, of these 21 absences, 17 fall on Tuesday or Thursday, days that the Superintendent directed you to provide guidance services at the 811K main site. Your failure to follow the superintendent's directive to report to the main site on Tuesdays and Thursdays constitutes insubordination.

You are advised that this pattern of excessive absence and insubordination may result in further disciplinary action including an unsatisfactory rating and trial on charges pursuant to Section 3020a of the Education Law.

Sincerely,

Bonnie Brown
Director of Operations

I have read and received a copy of this letter
and understand that a copy will be placed in my file.

_____  _____
Ernest Jeter          Date

Exhibit C



# THE NEW YORK CITY DEPARTMENT OF EDUCATION

JOEL I. KLEIN, *Chancellor*

DIVISION OF HUMAN RESOURCES
MEDICAL, LEAVES & BENEFITS OFFICE
65 Court Street – Brooklyn, NY 11201

TO:         Thomas Hyland
            Deputy Director

FROM:       Yvonne M. Joseph
            Administrator

SUBJECT:    ERNEST JETER – OSI # 03-4805

DATE:       December 28, 2004

---

Ernest Jeter was granted line of duty status by the Medical Bureau from 2/9/99 – 3/18/99. His case was later brought to an independent medical arbitrator and the arbitrator extended his line of duty to 6/30/99. The arbitrator deemed that any absence after 6/30/99 would be considered as personal illness. These findings are equally binding on Mr. Jeter and the Department of Education.

On 2/27/03, the Medical Bureau received a request to examine Mr. Jeter pursuant to the NYS Education Law for Section 2568 due to Mr. Jeter being absent from work every Tuesday and Thursday since Jan 2002, stating that he was attending medical sessions due to his line of duty claim. He was examined at the Medical Bureau on 3/27/03. Prior to the examination he was notified that he could bring a person of his choice to this appointment. He was also advised to contact his union.

Mr. Jeter arrived unaccompanied and signed a statement agreeing to waive his right to representation. As a result of his examination he was found fit to work. Medical documentation, including detailed reports and copies of office records for the time period in question, was requested from three different sources. Mr. Jeter did bring some documentation to the examination but it was not the aforementioned requested records. As the requested information was not received by 4/22/03, Mr. Jeter was sent a second request. The requested medical documentation was received on 5/12/04.

2

Review of the submitted documentation regarding his claim of attending medical sessions
every Tuesday and Thursday from January 2002 onward, revealed that he attended sessions
from 1/22/02 to 2/2/02. He did not return for medical sessions until 4/9/02, and then only
attended until 4/30/02. He was next seen 4 months later on 8/29/02, and again from 9/10/02
to 9/26/02. This pattern of medical sessions followed by a hiatus of 2 - 4 months was repeated
until 3/20/03. The records do not substantiate Ernest Jeter's claim that he attended medical
sessions every Tuesday and Thursday from January 2002 until March 20, 2003.

I have tried to address all issues that involve the Medical Bureau. If you have any further
questions, please feel free to contact me at 718 935-4004.

Thank you.



Exhibit D

**Investigator:** Michael Bisogna

**Case #:** 2004-2263

**Activity Conducted:** Receipt and Review of

OSI Case #2003-4805

**Date:** January 3, 2005

**Item #:** 11

---

On January 3, 2005, I received the results of OSI Case #2003-4805 from the Office of Special Investigations (Item A-2). Jeter was the complainant in that case and reported that he was being harassed about his time because he was taking days off to attend medical treatment every Tuesday and Thursday during the 2003/2004 school year. A review revealed that OSI referred the case to the DOE Medical Bureau. Administrator Yvonne M. Joseph of the Medical Bureau refuted the claim that Jeter was receiving medical treatment every Tuesday and Thursday from 01/02/02 to 03/03/03 and Jeter's claim to receive medical treatment was unsubstantiated.

_____
Supervisor's signature

_____
Investigator's signature

Exhibit E

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

STATE DIVISION OF HUMAN RIGHTS
on the Complaint of

ERNEST JETER

　　　　　　　　　　　　Complainant

　　　　　　　v.

NEW YORK CITY DEPARTMENT OF EDUCATION,
AND NORMA BARINAS

　　　　　　　　　　　　Respondent

VERIFIED COMPLAINT
Pursuant to Executive
Law, Article 15

Case No.
**10107254**

Federal Charge No. 16GA504643

I, Ernest Jeter, residing at 124-21 Flatlands Avenue
Apt. 1J, Brooklyn, NY, 11208, charge the above named respondent,
whose address is 52 Chambers Street, Room 308, New York, NY,
10007 with an unlawful discriminatory practice relating to
employment in violation of Article 15 of the Executive Law of
the State of New York (Human Rights Law) because of opposed
discrimination/retaliation, .

Date most recent or continuing discrimination took place is
8/11/2005.

The particulars are:

1.　I filed a prior complainant with the New York State
Division of Human Rights. Because of this, I have been subject
to unlawful discriminatory actions.

2.　Since April, 2005, I have been assigned to the District
Office at 400 First Avenue, New York, NY 10010.

3.　In September, 2004, I have been treated disparately from
other related service providers. Every Monday during the 2004-5
school year, my records have been checked and I receive warning
letters and counselings in regard to the records by Francine
Dryfus, Local Instructional Superintendent, whereas no other
related service provider undergoes such scrutiny. To my
knowledge, no formal complaint has ever been made to the Local
Instructional Supervisor by my Principal Rachel Henderson.

4.　I have been falsely accused of excessive absenteeism by
Francine Dryfus and Susan Erber, Superintendent of District 75
and brought up on unwarranted disciplinary charges.

I believe that I am treated disparately because I filed a prior complaint with New York State Division of Human Rights.

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of opposed discrimination/retaliation, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment). I hereby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).

I have not commenced any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

Ernest Jeter

STATE OF NEW YORK )
                     ) SS:
COUNTY OF            )

Ernest Jeter, being duly sworn, deposes and says: that he/she is
the complainant herein; that he/she has read (or had read to him
or her) the foregoing complaint and knows the  content thereof;
that the same is true of his/her own knowledge except as to the
matters therein stated on information and belief; and that as to
those matters, he/she believes the same to be true.

_____
Ernest Jeter

Subscribed and sworn to
before me this 11th day
of August, 2005.

_____
Signature of Notary Public

KATHLEEN M. FITZHARRIS
Commissioner of Deeds, City of New York
No. __4-6239__
Cert. Filed in New York County
Commission Expires 3-13-04    3-1-06

Exhibit F

+------------------------------------------------------+
| (State Division of Human Rights on the Complaint of) |
|                                                      |
| Ernest Jeter                          COMPLAINANT    |
|                                                      |
|              - against -                             |
|                                                      |
| The New York City Department of        RESPONDENT    |
| Education                                            |
|                                                      |
+------------------------------------------------------+

TITLE VII: Federal Charge No: 16GA403407

I, Ernest Jeter, residing at 124-21 Flatlands Avenue, Apt.# 1J,
Brooklyn, NY 11208, Tel. No. (718) 498-6437H. (718) 769-6984 (B)
charge the above-named respondent whose address is 52 Chambers
Street, Rm. 308 New York, NY 10007 Tel. No. (212) 374-2983 with an
unlawful discriminatory practice relating to Employment in
violation of Article 15 of the Executive Law of the State of New
York (Human Rights Law) because of Opposing Discrimination, Race
and Color, Sex.

Date most recent or continuing discrimination
took place 06/01/04.

The particulars are:

1.  I am a Black male who filed a previous complaint with EEOC in
    or about 1998.

2.  In 1994, I was hired by Respondent as a Guidance Counselor.
    My time, attendance and work performance have been
    satisfactory during my employment.

3.  For the past five years, I have been a counselor at P.S. 811K
    at 286K, located in Brooklyn, NY. My immediate supervisor
    during this time has been Rachel Henderson, female, who is
    Black. There is only one other counselor, Steve Lent, who is
    a White male.

4.  In October 2003, my caseload was increased from 30 students to
    82 students by Rachel Henderson. On information and belief,
    I was the only one who had an increase in my caseload.

5.  In March 2004, my caseload was increased again. I was
    informed by Margo Levy, female, White, who is the Supervisor
    of Social Workers that the increase was mandated by the
    Superintendent.

Complaint: Title VII (INT.2) (1 of 2)
/dmw
07/06/04

SDHR NO: 1D-E-ORS-04-5807172-E     FEDERAL CHARGE NO: 16GA403407

6.   In May of 2004, I was written up for insubordination.  I was
     accused of not performing the duties of my job.  I contacted
     the union and the matter is still pending.  On June 30, 2004,
     I received my evaluation which rated me satisfactory, but
     rated my attendance unsatisfactory.

7.   I believe I am being treated differently because I am a Black
     male who previously filed a complaint with the EEOC.  Other
     non-Black female counselors are not treated in this manner.

8.   Based on the foregoing, I charge the above named Respondent
     with denying me equal terms, privileges and condition of
     employment because of my Race, Sex and Retaliation in
     violation of the New York Stated Human Rights Law, Section
     296.

Complaint: Title VII (INT.2) (Supplemental)
/dmw
07/06/04

## BISOGNA, MICHAEL

**From:** CIORCIARI, DAVID
**Sent:** Wednesday, December 15, 2004 6:03 PM
**To:** BISOGNA, MICHAEL
**Cc:** CONTINANZI, ANTHONY
**Subject:** Request for OSI Case Info

Please be advised that a request for OSI case information has been sent to OSI re SCI Case #20042263 (Inv. Bisogna).

SCI INTAKE No.:

**2003-1602 (Bonnie Brown & Susan Erber)**

Exhibit G

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

STATE DIVISION OF HUMAN RIGHTS
on the Complaint of

ERNEST JETER

                      Complainant

            v.

THE NEW YORK CITY DEPARTMENT OF
EDUCATION

                      Respondent

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
5807172

Federal Charge No. 16GA403407


On 7/6/2004, Ernest Jeter filed a verified complaint with the State Division of Human Rights charging the above-named respondent with an unlawful discriminatory practice relating to employment because of race/color, opposed discrimination/retaliation, sex in violation of the Human Rights Law of the State of New York.

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division of Human Rights has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

The respondent has advanced a non-discriminatory, business-related reason for increasing the complainant's caseload. This reason is not found to be a pretext to discriminate.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Determination: Dismissal No Probable Cause
SDHR Case No. 5807172
Ernest Jeter V. The New York City Department Of Education

PLEASE TAKE FURTHER NOTICE that a complainant who seeks
state judicial review and who receives an adverse decision
therein, may lose his or her right to proceed subsequently in
federal court by virtue of Kremer v. Chemical Construction Co.,
456 U.S. 461 (1982).

Your charge was also filed under Title VII of the Civil
Rights Act of 1964. Enforcement of the aforementioned law(s) is
the responsibility of the U.S. Equal Employment Opportunity
Commission (EEOC). You have the right to request a review by
EEOC of this action. To secure review, you must request it in
writing, within 15 days of your receipt of this letter, by
writing to EEOC, New York District Office, 33 Whitehall Street,
5th Floor, New York, New York 10004-2112. Otherwise, EEOC will
generally adopt our action in your case.

Dated:  October 06, 2005
        Brooklyn, New York

                      STATE DIVISION OF HUMAN RIGHTS

           By:  Eugene R Daniels, III
                Eugene R. Daniels, III
                Regional Director

Exhibit H

## FACSIMILE TRANSMISSION
## COVER PAGE

DATE: 7/13/06

TO: Brian Glass — (212) 228-9253
NYSUT

FROM: Rodney L Pepe - Souvenir
**Office of Legal Services**
**Administrative Trials Unit**
**51 Chambers Street – 6th Floor**
**New York, New York 10007**
**(212) 374-7600 /(212) 374-** 6774    FAX #: (212) 374-1074/1091

RE: Document re: Yvonne Joseph testimony

Note: In the event this transmission is incomplete or illegible, please Contact sender noted above.

Number of Pages INCLUDING cover page: 18

Special Instructions or Comments: Per our conversation

This fax may contain CONFIDENTIAL INFORMATION that is also LEGALLY PRIVILEGED. It is intended only for the use of the addressee(s) named above. If you are neither the intended recipient of this fax nor the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that disseminating or copying this fax is prohibited. If you have received this fax in error, please notify sender by telephone as soon as possible and return the original by mail or destroy it. Thank you.

This transmission will be mailed _____ delivered _____



**THE NEW YORK CITY DEPARTMENT OF EDUCATION**
JOEL I. KLEIN, *Chancellor*
OFFICE OF THE CHANCELLOR

*MB*
*Did not*
*received*
*Suzanne*

CONFIDENTIAL

FAX TRANSMITTAL

DATE:  *12-16-04*

This transmittal is from____**Brian Nicholson**_____

Chancellor's Office of Investigations. It consists of__*26*__pages, including this cover

sheet. Please direct this material to:____*YVONNE  JOSEPH*_____

Comments:_____

_____*Copy  of  OSI # 03-4805*_____

_____*P.  13*_____

_____*P. + 13*_____

_____*26*_____

If you have not received all documents, please call 212-374-5900

*718-935-5381*



# THE NEW YORK CITY DEPARTMENT OF EDUCATION

JOEL I. KLEIN, *Chancellor*

OFFICE OF THE CHANCELLOR
ROOM 201 52 Chambers Street – New York, NY 10007

THERESA EUROPE
DIRECTOR

THOMAS W. HYLAND
DEPUTY DIRECTOR

## MEMORANDUM

DATE:   June 16, 2003

TO:   Ms. Yvonne Joseph, Administrator
Medical Bureau

FROM:   Mr. Thomas W. Hyland
Deputy Director

SUBJECT:   Ms. Bonnie Brown, Director of Operations for
Community School District 75
Ms. Susan Erber, Superintendent
Community School District 75
OSI#  03-4805

The Office of Special Investigations (OSI) is in receipt of the attached referral from the Special Commissioner of Investigation.

This is being referred to you for review/investigation or any action you deem appropriate. Please submit documentation to this office of any action taken by you within thirty (30) days of the receipt of this memorandum.

TWH:dm

Attachment

# THE SPECIAL COMMISSIONER OF INVESTIGATION
## FOR THE NEW YORK CITY SCHOOL DISTRICT

80 Maiden Lane, 20th floor, New York, New York 10038
Telephone (212) 510-1400
Fax (212) 510-1550

Richard J. Condon
Special Commissioner

June 9, 2003

Ms. Theresa Europe
Director
Office Of Special Investigations
65 Court Street, Room 922
Brooklyn, New York 11201

> RE:    Intake # 20031602
> BROWN, BONNIE
> ERBER, SUSAN

Dear Ms. Europe:

Attached please find information received by this office in reference to the above. We are forwarding this matter to you for your review and appropriate action.

Sincerely,

THOMAS FENNELL
Chief Investigator

# The Special Commissioner of Investigation
For the New York City School District

## COMPLAINT FORM

| | | |
|---|---|---|
| Date: 6/6/03 | Received by: 17 | Take #: 20031602 |
| Response Date to the Complainant: | | School: 811K |
| | | District: 75 |
| Referred to: | | Division: DSE |
| Number: | | |

Complainant wishes to remain confidential?     (Y/N)  **N**

If yes, does complainant agree to the release of complaint data to the appropriate office if complaint is referred? (Y/N)  **Y**

### Allegation:

Carbon copied correspondence addressed to Mayor Bloomberg from Ernest Jeter, Guidance Counselor assigned to P811K, relates that he is being unfairly harassed about his time by Dr. Susan Erber, Citywide Programs Superintendent and Ms. Bonnie Brown, Director of Operations for CSD # 75 (see attached). Mr. Jeter claims that said parties are well aware of his medical condition, via medical documentation which he has provided, which necessitates medical treatment at the Veteran's Hospital on Tuesdays and Thursdays (due to two line of duty injuries which he sustained at the hands of students). Mr. Jeter writes that although he is absent on these two days, his workload has never suffered as a result.

**CASE TRACKING**   Positive, see case #'s 02-3065R (OSI), 01-0516R (OSI), 99-2449R (OSI). 96-1843R (OSI) and 92-1409R (OSI) under Brown; see case #'s 03-1543R (OSI), 03-03-0660R (OSI) and numerous others under Erber.

### List of Subject Names

| | |
|---|---|
| LAST NAME: BROWN | SSN: |
| FIRST NAME: BONNIE | DOE FILE: |
| SCHOOL: | TENURED: AD |
| DISTRICT: 75 | POSITION: DIRECTOR OF OPERATIO |
| DIVISION: DSE | |
| ADDRESS: | |
| TELEPHONE: | |

LAST NAME: ERBER              SSN:
FIRST NAME: SUSAN             BOE FILE:
SCHOOL:                       TITLE: SU
DISTRICT: 75                  POSITION: SUPERINTENDENT
DIVISION: DSE
ADDRESS:
PHONE:

## List of Complainants:

LAST NAME: JETER              SSN:
FIRST NAME: ERNEST            BOE FILE: 709726
SCHOOL: 811K                  TITLE: GC
DISTRICT: 75                  POSITION: GUIDANCE COUNSELO
DIVISION: DSE
ADDRESS: 124-21 FLATLANDS AVENUE, # 1J, B'KLYN, 11208
PHONE:

## List of Victims:

## List of Witnesses:

## List of Others:



THE CITY OF NEW YORK
OFFICE OF THE MAYOR
NEW YORK, N.Y. 10007

**REFERRAL TO:**

June 2, 2003

Mr. Richard J. Condon
Special Commissioner of Investigation
For the New York City School District
20th Floor
80 Maiden Lane
New York, New York 10038

**ACTION REQUESTED:**
The attached correspondence is being forwarded to your agency for response. The only information the Office of the Mayor has about this constituent is included in the attached letter. Respond directly to the constituent under the appropriate signature within your agency. Please call Stacy Lewis with questions at (212) 788-2771.

**DUE DATE: within 10 working days of receipt**

**CONSTITUENT:**
Casework#: Z17212
Mr. Ernest Jeter
Apartment 1-J
12-421 Flatlands Avenue
Brooklyn, NY 11208

**ACTION TAKEN:**

Please check action taken and provide a detailed explanation (please write any other pertinent information on the back of this sheet).

_____ Constituent received a written response (attach copy)
_____ Constituent was responded to via phone. Phone number: _____ Spoke to:_____

_____ The matter is outside of our jurisdiction. I suggest referral to:_____

Return this form to:
Lyn Howell
Mayor's Office of Correspondence
23rd Floor South
One Centre Street
New York, NY 10007
(212) 788-2474

HOOL INVESTIGATE

Mayor Michael Bloomberg
Mayor of the City of New York
City Hall
New York, New York
Date: May 11, 2003

Your Honor:

I am writing this letter to you in order to complain about how the Education Department
of the City of New York is unfairly treating me.

First, I have been working as a Guidance Counselor for the Department for
approximately ten (10) years and I have been injured in the line of duty twice by
students. Once on March 1, 1995 and again on February 9, 1999.

On each occasion, I have followed procedures including providing all medical documents
supporting my injuries.

On February 24, 2003, I attended a meeting with Dr. Susan Erber, Superintendent of
District 75 of the Department of Education of the City of New York at 400 First Avenue,
New York. Persons who were present at that meeting were: Dr. Erber, Bonnie Brown,
Myself, and Al Mancuso, the UFT representative.

At that meeting, Dr. Erber express concerns about the fact that I was attending the
Veterans Hospital twice per week to receive medical treatment.

At the meeting, Dr. Erber stated that she was going to refer me to the medical bureau for
a medical examination, and that if I had medical appointments on mornings, I was to
return back to school for work after the appointment. She said that I would be paid for the
day. On the other hand, if I did not return back to work, the time would come out of my
cumulative absence reserves (CAR).

In addition, Dr. Erber said that she was revising my counseling schedule. She said that I
was to report to the main site of the school for students with disabilities: Connie Lucas
School: Brooklyn Center for Children with Disabilities on Haring Street, Brooklyn, New
York.

At this time I would like to state that my schedule has already been revised twice this
school year. That is, I have had to add two other off site schools to my schedule this year:
811K @Edward R. Murrow High School and 811K @ Shell Bank Intermediate School
(IS 14) on Batchelorderr Street, Brooklyn, New York. So, including the other off site
schools that I cover ( Surfside Elementary School (329K) on 2929 W. 30th Street,
Brooklyn, New York 11224 and Cavallaro Intermediate School on 2424 24th Street,

1

Brooklyn, New York 11224), now, I cover a total of four off site schools excluding the main site. With the main site, I now cover a total of five 811K school cites. One of the schools that I add to my schedule was Shell Bank Intermediate School (IS14). This School was also covered by Steve Lent. I was assigned to this school by Lidia Rosenbaum who was the guidance supervisor for Brooklyn ( a good friend of Steve Lent). Currently Ms. Rosenbaum is a special assistant to Dr. Erber. I explain to Ms. Rosenbuam that I currently cover three schools; when Mark Wang, who was a Guidance Counselor at 811K before he retired, was on sabbatical, the schools were equally divided between Steve Lent and me. That is, Steve Lent covered three (3) schools and I covered three (3) schools. This happen around the time Ms. Rosenbaum had questions about the days I was taking off for medical treatment. Ms. Rosenbaum called Mrs. Henderson (811K principal) and the two of them called me. Through this conference call, Ms. Henderson informed me that I had to start covering Shellbank. But at the same time, Mrs. Henderson informed Ms. Rosenbaum that she was aware that I was taking the days off for medical treatment and that the district was also aware. Based on the previous conversations with Ms. Rosenbaum and her insistents that I cover Shellbank, this whole process looks more like the beginning of a conspiracy to accuse me of insubordination: (Shortly after Ms. Henderson assigned Shellbank to me, Ms. Rosenbaum became special assistant to Dr. Erber).

The office of the superintendent was aware of the fact that I was taking days off for medical treatment and the superintendent had previous knowledge that Tuesdays and Thursdays were the days I was taking off. The concoction of a conspiracy began with Ms. Rosenbaum insisting that Shellbank be assigned to me. Shellbank was assigned to me. The concluding fact is the fact that Dr. Erber assigned me to the main site on Tuesdays and Thursdays even though she was completely aware of the fact that I was receiving medical treatment on Tuesdays and Thursdays and the site was covered by Steve Lent, Guidance Counselor at the main site. She neglected to mention that Steve Lent spends most of his working time concentrating on the Parents and Teachers Association (PTA) business. Where is it in the Department of Education's Policy that he should concentrate most of his working time with the PTA. Furthermore, Steve Lent controls every aspect of the PTA. Investigate and you will find more.

From my understanding, 811K has a total of six (6) sites including the main site. 811K has two (2) Guidance Counselors at the present time: Steve Lent and myself. Also from my understanding, I do not know what Steve Lent's schedule is, but I do know that he is not covering the four off sites that I cover mentioned above.

On March 17, 2003, I received a letter from Yvonne M. Joseph, Administrator of the Medical Bureau of the Department of Education of the City of New York. ( copy enclosed with the date of my visit stamped on letter). The letter requested that I come to the medical bureau on March 27th, 2003 for a medical examination pursuant to Education Law Section 2520. This letter from Ms. Joseph also requested that I bring all relevant current medical records.

2

On March 27, 2003, I reported to the medical bureau as per the medical bureau request. I brought my medical records also. I had to pay the Veterans Hospital seven dollars and fifty cents ($7.50) for copies of my records dated from 2-99 to present. ( copy of receipt enclosed). When I was at the medical bureau, I had not received the formal request from the superintendent's office requesting a medical examination pursuant to the guidance contract and New York State Education Law section 2668.

As I stated above, I did bring copies of my medical records with me to the medical bureau. I attempted on two occasions to give the copies of my medical records to the medical bureau: i.e., 1) I tried to give them to the receptionist and the receptionist told me to give them to the doctor who would be examining me and 2) I tried to give the documents to the doctor who took my blood pressure and asked me to bend: i.e., that was the extent of the medical examination. This doctor, I think her name is Dr. Thompson, refuses to review my medical records claiming that there were two many. But to add at this time, the doctor requested medical documents from 2000 to the present.

When the supposedly medical examination was completed, I was given four forms. Three of medical bureau's forms requested more documentations and the fourth form declared me fit to return to work. (two of these forms are enclosed and the other two forms are held at this time to preserve the confidentiality, but if there is a need to produce them at some future date, they will be provided). In addition, there was no return date for delivery of the requested information. If the medical bureau would have taken the time to review the medical records that I tried to give them, they would have discovered that the information that they were re-requesting was all ready included in the documents I tried to give them. Furthermore, these medical documents are copies of official records of my medical treatment at the Veterans Hospital of the United States Government.

I left the medical bureau feeling confused and harassed. I could not understand why they would not accept or are attempt to review my medical documents. In addition, I could not understand why they would request document again that were already included in the records if they would just have reviewed the records.

In April of 2003, I received another letter from Yvonne M. Joseph dated April 22, 2003 requesting medical documentation so that her office could make a determination on my claim for line of duty injury. Finally in the letter, she writes that this letter will serve as the final notice and that I had to submit the information within 30 days from the date on the letter she sent me (copy of letter is enclosed). From the date on the letter head, I have until May 22nd, 2003 to submit the requested documentation. Even thought I have submitted the requested documentation, there was still enough time to submit the documents Ms Bonnie Brown stated that I had not submitted ( see next few paragraphs below). Nevertheless, Ms. Bonnie Brown used that as one the examples to demonstrate that that I am not in compliance.

On May 8, 2003, I attended another meeting at Dr. Erber's request. In attendance at the meeting were Bonnie Brown, Director of Operation for District 75, Conrad Reitz, Super-

intendent's representative , Al Mancuso, UFT representative and myself. The purpose of the meeting was to discuss matters previously discussed, etc.

On May 9 2003, I received a fax consisting of three pages from Bonnie Brown at Edward R. Murrow High School ( copies enclosed). As the letter clearly indicates, there was a meeting on February 24, 2003 and the Superintendent according to this letter assigned me to work on Tuesdays and Thursday at the main site of 811K. The letter also confirm the fact that there was a medical visit to the medical bureau on my part and that the medical bureau found me fit to work without accommodation to any disability.

In addition, the fax of Ms. Brown now accuses me of failure to follow the supper-intendent's instructions. The faxed letter further presents the days that I have been absent since February 25, 2003. Ms. Brown Stated in the fifth (5th) paragraph that "When you were to respond to these absences you states that you had offered your medical files to the Medical Bureau on March 27th, 2003 to indicate why you go to the Veterans Hospital on Tuesdays and Thursdays, but the doctor there said there too many records". This is a misstatement by Ms. Brown. For one, she is aware of the fact that I go to the Veterans Hospital for treatment. Each time I go to the hospital medical documentation is given to the payroll secretary at 811K. The attempted to explain to her that Dr. Erber had stated during the February 24th, 2003 meeting that if I went to the Veterans Hospital for medical appointment, and return to work if the appointment was in the mornings, I would be paid for the day. However, if I did not return to work, the time would come out of my CAR.(At the present time, I have 37 days in my CAR. bank and the Department of Education has a policy whereby tenured employee can borrow up to 20 day for medical treatment. That is a total number of 57 days ) But, if there would have been any further investigation by Ms.Brown, she would have discovered that I also had appointments in the afternoon.

Ms. Brown flatly denied that Doctor Erber made the above statement. I stand by my statement that Dr. Erber made the statement stated above.

Ms. Brown further states in her fax to me that "This is an excessive amount of absence which negatively impact the quality of the guidance services to students and parents of 811K". The absences are based on treatment I am receiving for an injury I received in the line of duty. The medical documents produced will demonstrate this fact and the dates in my medical documentations will support that I am currently being treated medically for injuries relating to my line of duty injury that happen on February 9, 1999.

Furthermore, I have not received any comments whether verbally or written that receiving medical treatment on those days have impacted on the quality of the guidance service to students or parents. To add, that is why I requested from the Veterans Hospital that they staggered the days so that I could ensure that the students on my related service case load could receive quality guidance services. I do not know who Dr. Erber or Ms. Brown are speaking too in reference to my competence as Guidance Counselor or Related Service Provider. I say so because even with days I am absence for treatment of my line of duty injuries, all the kids on my case load are making excellent progress. The

4

( ( )

senior teacher at Edward R. Murrow made a request for me to be the guidance counselor at her site at the beginning of the school year because the student were not getting competent guidance services. If there was an investigation, they would have found out that some of my colleagues think that I should be training staff of the Department of Education of the City of New York in real tested and proven techniques of behavior management. In other word, Dr. Erber and Ms. Brown do not know what my competencies are.

I have more than adequately serviced the amount of students on my case load.

On May 8, 2003, I submitted for a second time the copies of my medical records to the Medical Bureau of the Department of Education of the City of New York. The records contain the dates, times, and relevant current documentation. The documents demonstrates that the treatments received are for injuries related to a line of duty injury on February 9, 1999.

The medical documents were mailed in United States Postal Service Office by express mail with a return receipt ( see copies enclosed).

On Saturday, May 10th, 2003, I received the returned receipt with signature from a a Mr. Thomas B. Romano (copies enclosed) of the Medical Bureau of the Department of Education.

To re-visit the documents given to me by medical bureau requesting more information, there are two forms. One of the forms deals with the subject of employee medical review and the other form is for requesting medical documents from my medical provider. As you can see on the form subject of employee medical review, The form states that there was a medical examination March 27, 2003. You will also notice that the boxes for medical examination and fit have an "X" check mark in them. You will also notice that in the place for the signature for the medical director or designee, J. Jeudy MD. has sign off on this document.

As for document number 2, the request for more information, you will notice that in the place attention Dr., Doctor Thompson has sign off on this particular document. You will also notice at the top of this document after the salutation Dear Sir/ Madam, the paragraph that states ' Before a recommendation is made on your medical status, it is necessary that you submit to the medical bureau the documentation checked below'.

These above two documents alone with the letter from Ms. Yvonne M .Joseph dated on April 22, 2003 clearly illustrate a contradiction. The request for more information by Dr. Thompson and Ms. Yvonne M. Joseph clearly request for more information before a recommendation is made on my medical status. While on the other hand, Dr. Jeudy has made a medical decision that I am 'Fit' to return to work.

The decision by Dr. Jeudy that I am fit is the decision utilized by Dr. Erber's office to support the accusations made in the fax I received from Bonnie Brown.

5

( 17 )

Your honor, There was never an attempt on my part to violate any directive from any of my supervisors and my personnel records will support this fact. After ten years of service, there has never been an accusation for insubordination. I only follow the directive as they were given to me by Dr. Erber on February 24, 2003.

Now I receive a fax from Bonnie Brown stating that my failure to report to the main site on Tuesdays and Thursdays at the directive of the Superintendent constitutes insubordination. Furthermore, I am advised that this pattern of excessive absence and insubordination may result in further disciplinary action including an unsatisfactory rating and a trail on charges pursuant to Section 3020a of the Education Law.

Finally, your honor, I am only asking to be treated fairly. Therefore, I am writing this letter to request an investigation of this matter. I am convinced that the actions by the Superintendent and the Medical Bureau are nothing but attempts to intentionally harass me and create unnecessary stress.

In conclusion, I am within my rights to request an investigation of the matters presented above. The information presented clearly demonstrates that something or somebody is wrong. The information that Bonnie Brown presented is nothing but an attempt to fabricate a reason to bring up charges mentioned in her faxed letter to me. Dr. Erber never gave a reason why she wanted me to report to school that is already covered by another Guidance Counselor, Steve Lent. Dr. Erber just changed my schedule. There are no reasons other than the claim that Ms. Brown made in her fax to me that guidance services are inadequate at the main site. She failed to mention the fact that I currently cover four of 811K school sites and that Steve Lent ,who happens to be white, covers only two 811K's sites including the main site. If the quality of services at the main site is substandard, they cannot blame it on me because I am in need of medical treatment relating to an injury on the job.

As I stated above, since I have been going for medical treatment on Tuesdays and Thursdays, there has never been a complaint as to the services not being provided. The first time I heard of this complaint is on May 9, 2003 when I received the fax from Bonnie Brown. Ms. Rachel Henderson, Principal of 811K, Ms. Coopenny, Assistant Principal of 811K and Alexis Tandit, Assistant of 811K have never complained to me personally or in writing that quality services were not being provided to the students on my case load. Furthermore I did meet with the Principal of 811K in reference to my schedule as per Dr. Erber's request that I report to the main site, and the principal told me to follow my previous schedule until she gets back to me. She never got back to me in reference to revising my schedule. I have followed Ms. Henderson directives for almost four years and there has never been a problem, and the directives have always been given to me verbally. In other words, Dr. Erber usually issue her directive through principals with the exception of in my case. Also when I am given a directive by two supervisors, whose directive am I to follow.

6

(13)

I am further requesting that I be allowed to continue my treatments at Veterans Hospital for injuries that occurred during the line of duty. In addition, I am formally requesting an investigation as to whether the superintendent, Dr. Susan Erber, abused her powers, harass and conspired to accuse me of insubordination alone with other staff member under her supervision. Also, I am further requesting an investigation into why the medical bureau refused to accept medical documents that I presented to them on March 27th, 2003 before they reviewed the documents. Also, why they gave me documents stating that they needed more information before they could make a determination on my medical status, yet proscribed a document that stated that I was fit to work.

Thank you very kindly for considering this matter.

Ernest Jeter
Guidance Counselor
811K@329K
(347)596-7357

Documents enclosed:

1) one letters from Yvonne M. Joseph
2) three letters from Dr. Susan Erber
3) one faxed letter from Bonnie Brown
4) two completed form documents from Medical Bureau
5) two receipts from post office
6) two copies of returned receipt attesting that Medical Bureau received and accepted by Mr. Thomas B. Romano on 5-9-03
7) receipt from Department Veterans Affairs



# THE NEW YORK CITY DEPARTMENT OF EDUCATION

JOEL I. KLEIN, *Chancellor*

DISTRICT 75
DR. SUSAN ERBER, *SUPERINTENDENT*

February 26, 2003

Dear Ms. Joseph,

Pursuant to Education Law 2568 we are requesting medical evaluation of Ernest Jeter, file # 709726 for the following reason:

As a result of an alleged ILOD in 1999, Mr. Jeter has been absent from his assignment as a guidance counselor at P.811K to attend physical therapy appointments every week on Tuesdays and Thursdays since January 2002. It is creating a hardship for our students who are mandated for counseling, our teachers who must interface with him and parents who need to make contact. This has been going on for years and we would like a re-evaluation of his condition and a determination as to whether he is fit to serve in a full-time guidance counselor position.

Very truly yours,

Susan Erber

Dr. Susan Erber
Superintendent

( 15 )

March 5, 2003

**CERTIFIED MAIL RETURN RECEIPT REQUESTED** (7000 1530 0000 6884 3078)

Mr. Ernest Jeter
124-21 Flatlands Avenue, #1J
Brooklyn, NY 11208

File No: 709726

Dear Mr. Jeter:

Pursuant to Section 2568 of the State Education Law, you are directed to report to the Medical Bureau, 65 Court Street, Room 203, Brooklyn, N.Y. 11201, on **April 4, 2003 at 9:00 a.m.** for a medical examination. Please bring all available, relevant, current medical information.

This directive is made at the request of Dr. Susan Erber, Superintendent, District 75. One person of your choice may accompany you to this examination. Please consult with your union representative.

**Please be advised that failure to respond to this directive may result in disciplinary action.** If you have any questions, please call (718) 935-2721.

Very truly yours,

Yvonne M. Joseph
Administrator
Medical Bureau

YMJ:hl

c:   Dr. Susan Erber, Superintendent, District 75
     Regular Mail
     Medical File

( 16 )

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED** (7000 1530 0000 6884 3405)

March 11, 2003

Mr. Ernest Jeter
124-21 Flatlands Ave, #1J
Brooklyn, NY 11208

File No: 709726

Dear Mr. Jeter,

You were sent an appointment letter via regular and certified mail to appear for an examination at the Medical Bureau on April 4, 2003 pursuant to Section 2568 of the State Education Law. We are sorry but this appointment needs to be changed. In order to afford you all consideration, we have scheduled another appointment for you.

You are directed to report to the Medical Bureau, 65 Court Street, Room 201, Brooklyn, N.Y. 11201, on **March. 27, 2003 at 10:00 a.m.** for a medical examination. Please bring all available, relevant, current medical information.

This directive is made at the request of Dr. Susan Erber, Superintendent, District 75. You may bring one person of your choice to this appointment. Please contact your union.

**Please be advised that failure to appear for this examination may result in disciplinary action.** If you have any questions, please call (718) 935-2721.

Very truly yours,

Yvonne M. Joseph
Administrator
Medical Bureau

YMJ:hl

c:   Dr. Susan Erber, Superintendent, District 75
     Regular Mail
     Medical File

(17)

Documentation received from Veteran's Administration where Mr. Jeter was a patient.
Teacher was last examined at the Medical Bureau on March 27, 2003 for excessive absences. In the letter of referral, it was noted that Mr. Jeter had been absent every Tuesday and Thursday since January 2002.    $LOD$.

It appears that he had an assault on February 9, 1999 sustaining injuries to his back. He was treated at the Veteran's Hospital in Brooklyn. He also stated that he was under treatment for post traumatic stress disorder. It was found, after examination by the Medical Bureau on October 28, 1999, that there was no objective evidence to preclude return to service. He was granted line of duty from February 9, 1999 to March 18, 1999. Mr. Jeter returned to work on October 29, 1999. The case was taken to an independent arbitrator who extended his absences from March 19, 1999 to June 30, 1999 as line of duty and absences after that were considered as personal illness.

The records from the Veteran's Hospital document visits the teacher made to their facility. It is recorded that the initial visit was on February 9, 1999 and his chief complaint was that he had been assaulted by a student and had pain in the neck and lower back. A diagnosis was made of myositis. The records note both the time and date of the visits. It is noted that Mr. Jeter was not seen again until June 16, 1999. His subsequent visits were with Mental Health Clinic where he was treated for post traumatic syndrome. The visits were continued about every two weeks until August 25, 1999. This was considered the final session and Mr. Jeter was referred to group therapy.

The records note that he was not seen again until December 3, 2001 when the diagnosis was made of acute or chronic mid/low back pain. He was referred to neurology, physical therapy and rehabilitation. On December 28, 2001, it was recorded by neurology

( 18 )

that Mr. Jeter stated he had physical therapy for a while but he also stated that he had to stop because of his job; no reason was given. There is no mention of these visits in the information he submitted.

Review of the submitted documentation reveals that Mr. Jeter had periodic episodes of physical therapy prescribed twice a week for four weeks. For instance, he had a course of physical therapy from January 22, 2002 to February 7, 2002 (six recorded sessions in chart). He was not referred again for physical therapy until April 9, 2002 and had six recorded sessions from April 9, 2002 to April 30, 2002. Four months later, on August 29, 2002, it was recorded that physical therapy was recommended twice a week for four weeks. There follows a series of physical therapy from September 10, 2002 to September 26, 2002 for six sessions. The pattern is repeated through March 20, 2003, i.e. periodic referral to physical therapy followed by a hiatus of two to four months and then repeated.

The records do not substantiate that Mr. Jeter had physical therapy every Tuesday and Thursday since January 2002.

What were the actual dates & time of PT