06 CV 3687 (DGT)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERNEST JETER,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, *et al.*,

Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-170*
*New York, New York 10007*

*Of Counsel:*
*Daniel Chiu*

*Tel: 212-788-1158*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK

-------------------------------------------------------------------- x

ERNEST JETER,

                                  Docket No. 06 Civ. 3687

                         Plaintiff,   (DGT)(LB)

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF INVESTIGATION OF THE CITY
OF NEW YORK, and THE OFFICE OF SPECIAL
COMMISSIONER OF INVESTIGATION FOR NEW
YORK CITY SCHOOL DISTRICT OF THE CITY OF
NEW YORK, *et al.*,

                         Defendants.

-------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

Plaintiff Ernest Jeter ("Plaintiff" or "Jeter"), a tenured guidance counselor with the New York City Department of Education ("DOE"), brought this action claiming that DOE, the New York City Department of Investigation ("DOI"), and the Special Commissioner of Investigation for the New York City School District ("SCI") (collectively, "Defendants") had subjected plaintiff to on-going harassment and singled him out for discipline for excessive absences, the falsification of documents and failure to provide mandated services to special education students because of his race and because of a previous lawsuit brought against DOE. ("*Jeter II*").

Plaintiff initially sued DOE in 1999 claiming that he had been subjected to discrimination and harassment because of his race and that he had been discriminated against because of a disability. ("*Jeter I*"). More specifically, Plaintiff alleged that he was discriminatorily transferred between various DOE schools and was harassed and discriminated against in a campaign to force him to either quit or have his employment terminated.

1

Plaintiff's opposition to defendants' partial motion to dismiss is a futile attempt to differentiate between the acts complained of in his first suit ("*Jeter I*") with those complained of here ("*Jeter II*") by arguing that the purported discriminatory acts do not have a transactional connection. Plaintiff, however, has incorrectly characterized *Jeter II*. Rather, the acts complained of in *Jeter II* are all a series of inter-connected events that originated in *Jeter I*. Moreover, plaintiff concedes that he failed to file his complaint within ninety days of his first Right-to-sue Notice. Therefore, his claims of Title VII discrimination should be dismissed. Finally, plaintiff's 42 U.S.C. §§ 1981 and 1983 claims are barred by prior administrative determinations and plaintiff's arguments to the contrary should be rejected by the Court.

## POINT I

### THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S TITLE VII CLAIMS OF RACE DISCRIMINATION.

In his opposition papers, plaintiff does not dispute and therefore concedes that he did not timely file *Jeter II* with respect to the purported discriminatory acts raised in the discrimination complaint, sworn to July 6, 2004 ("*NYSDHR I*"), and filed with the New York State Division of Human Rights ("NYSDHR"). (Chiu Dec., Ex. F). Consequently, plaintiff's Title VII claims of race discrimination, which were alleged in *NYSDHR I*, should be dismissed. Recognizing his failure to timely file his complaint, plaintiff now asserts that the facts in *NYSHDR II* are "distinctly different" and included claims of both race discrimination and retaliation. (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint and Affidavit in Support ("Pl.s Opp.") at 22). Thus, he argues that the Court still has subject matter jurisdiction over his Title VII discrimination claims to the extent those claims asserted in Plaintiff's subsequent NYSDHR complaint, sworn to August 11, 2005 ("*NYSDHR II*"), are different from those claimed in *NYSHDR I*. (Pl.s Opp. at 22). Specifically, plaintiff claims that the *NYSHDR II* names different individuals who were not named in *NYSHDR I* and relates to allegations of discrimination that arose after the filing of *NYSHDR I*. (Pl.'s Opp. at 22-24).

Plaintiff's argument is completely without merit. Indeed, in reviewing the *NYSHDR II* complaint it is clear that plaintiff intended only to allege claims of retaliation. For example,

---

[1] Defendants withdraw that portion of their motion that argues that plaintiff's discrimination and retaliation claims concerning alleged "false disciplinary charges" brought by DOE are barred by the doctrines of res judicata or collateral estoppel. To the extent that plaintiff has alleged a hostile work environment claim based on actions that allegedly occurred after the filing of Jeter I and were not considered by the Court in Jeter I, defendants are not seeking to dismiss those claims.

*NYSDHR II* states'[b]ecause of [the filing his prior complaint], I have been subject to unlawful discriminatory actions. (Declaration of Daniel Chiu in Support of Motion to Dismiss, dated January 26, 2007 ("Chiu Dec."), Ex. I at 1). It is clear from his allegations that plaintiff was asserting that defendants' action were retaliatory, not that they were discriminatory. Indeed, at the end of *NYSDHR II,* plaintiff concludes that

> Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of opposed discrimination/retaliation, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

*NYSDHR II* never alleges a race discrimination claim and plaintiff's futile attempt to resurrect his discrimination claims should be rejected.

To the extent that the Court determines that plaintiff has alleged both discrimination and retaliation claims, those claims which occurred prior to October 15, 2004 are time-barred. Title VII, with certain exceptions, requires claimants to file a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory or retaliatory act. See, e.g., AMTRAK v. Morgan, 536 U.S. 101, 113, 153 L. Ed. 2d 106, 122 S. Ct. 2061 (2002); Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 325-29 (2d Cir. 1999); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996); Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993)("in states such as New York that have an agency with the authority to address charges of discriminatory employment practices, the statute of limitations for filing a charge of discrimination with the EEOC is 300 days"). Plaintiff filed his charge of discrimination with the NYSDHR on August 11, 2005. Thus, plaintiff's claims of discrimination and retaliation for alleged actions taken by defendants prior to October 15, 2004 are time-barred.

## POINT II

### PLAINTIFF'S §§ 1981, 1983 AND 1985 CLAIMS ARE BARRED BY PRIOR ADMINISTRATIVE DETERMINATIONS.

It is well established that a NYSDHR determination that there is no probable cause to support a complainant's allegations that he or she was unlawfully discriminated against is given preclusive effect in federal court, and that the complainant is barred from bringing a § 1983 claim or other similar claims, such as under §§ 1981, 1985 and 1986, based on the same conduct. See, e.g., DeCintio v. Westchester County Med. Ctr., 821 F.2d 111, 116-18 & n. 13 (2d Cir. 1987) (SDHR determination of no probable cause given preclusive effect in § 1983 action and noting that the preclusive effect of administrative rulings also applies to actions brought under the First, Thirteenth, Fourteenth Amendments and under §§ 1981, 1983, 1985, 1986, and 1988). Further, SDHR determinations have been routinely held to offer a full and fair opportunity to be heard for the purposes of applying collateral estoppel, even where the agency made its decision solely on the basis of written submissions. See Kirkland v. City of Peekskill, 828 F.2d 104, 107-109 (2d Cir. 1987) (a hearing is not necessary to show that issue was fully and fairly litigated); Ibrahim v. New York State Dep't of Health, 692 F. Supp. 1471, 1473 (E.D.N.Y. 1988) (agency decision given preclusive effect where no hearing held and plaintiff alleged the decision relied on incomplete record).

Here, plaintiff's §1981, §1983 claims concern a purported conspiracy to create disciplinary charges against plaintiff in order to terminate his employment. (Chiu Dec., Ex. C, sec. E, ¶¶ 2, 3(a)(4), (6), (8)-(10), 4; F, ¶¶ 2, 4, 11, 12, and 17). Plaintiff also alleged disparate treatment on the basis of his race. (Chiu Dec., Ex. C, sec. E, ¶¶ 3(a)(1), (7), 5-7; F, ¶¶ 2(a), 3, 14-17, and 26). Similarly, plaintiff's NYSDHR complaints also alleged that he was subjected to disciplinary charges and disparate treatment. (Chiu Dec., Exs. F, ¶¶ 4-7; I, ¶ 4).

5

In his opposition, plaintiff now argues in a conclusory fashion that the "No Probable Cause" determinations were procured by "extrinsic fraud" and, therefore, plaintiff did not have a full and fair opportunity to litigate his claims. (Pl.s Opp. at 28). Consequently, plaintiff contends that he should not be barred from re-litigating his claims. Although fraud can be a basis for setting aside a verdict or judgment, irrespective of the merits of this claim, plaintiff has waived his right to make this assertion. Each Determination and Order After Investigation Plaintiff received contained the following notice

> PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination.

(Chiu Dec., Exs. G and J).

If plaintiff believed that the Determinations were procured by fraud or were improper, his remedy was to appeal the Determinations to the New York State Supreme Court. Plaintiff did not. Consequently, he is now barred from collaterally challenging the NYSDHR proceedings in Federal court and thus his §§ 1981, 1983 claims should be dismissed. N.Y. Exec. Law § 297(9). It is also irrelevant that New York City Department of Investigation ("DOI") and the Special Commissioner of Investigation for the New York City School District ("SCI") were not parties in the NYSDHR proceedings. DOI and SCI have a sufficiently close relationship with DOE to be considered in privity with DOE. Marshall v. National Association of Letter Carriers BR36, 2003 U.S. Dist. Lexis 19918 *29 (S.D.N.Y. Nov. 7, 2003) (Peck, M.J.) (governmental agencies have sufficiently close relationship to be considered in privity).

The evidence before the Court establishes that plaintiff was given an opportunity to litigate his claims. (Chiu Dec., Exs. F, G, I, J, L, M, and N). The no probable cause

determination of plaintiff's verified complaints in *NYSDHR I* and *NYSDHR II* addressed the same types of allegations brought in this lawsuit. Therefore, plaintiff's §§ 1981, 1983, 1985 and 1986 claims and any other claims under the state human rights law are precluded and should be dismissed.

## POINT III

### PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND HIS COMPLAINT TO REPLEAD HIS §§ 1985, 1986 CLAIM

Plaintiff contends that his §§ 1985 and 1986 claims should not be dismissed because he now seeks leave to amend the complaint to assert a claim against a parent who purportedly conspired with defendants. Plaintiff should not be permitted to replead his §§ 1985, 1986 claims to permit him to commence suit against Sylvia Sera, the "mother of [] two children" Plaintiff believes "participated in this plot to harm Plaintiff." (Pl.s. Opp. at 34-5). In order to state a claim under § 1985, "more than vague or conclusory allegations of conspiracy and invidious discrimination are necessary." Dangler v. New York City Off Track Betting Corporation, 1998 U.S. Dist. Lexis 14128 * 17-18 (S.D.N.Y. Sept. 9, 1998) (Batts, J.). Plaintiff's submission makes no allegations other than wholly conclusory and speculative statements that the mother of "two autistic and mildly mentally retarded children" falsely claimed that Plaintiff "did not see her children." Pl.'s Mot. Dis. Opp. at 34-5. As such, the Court should deny plaintiff's request to amend the complaint and dismiss his claims.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court issue an order

granting defendants' partial motion to dismiss, and granting such other and further relief as this

Court deems just and proper.

Dated: New York, New York
March 19, 2007

<div style="margin-left: 40%;">

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-170
New York, New York 10007
212-788-1158

By:_____
      Daniel Chiu (DC-3381)
      Assistant Corporation Counsel

</div>

Diana Goell Voigt
Daniel Chiu,
        Of Counsel

## CERTIFICATION OF SERVICE

I, Daniel Chiu, hereby certify that:

On March 19, 2007, I served the annexed Reply Memorandum of Law in Further Support of Motion to Dismiss by depositing a true and correct copy, into the custody of United States Postal Service, in an enclosed envelope with sufficient postage for first-class mail addressed to:

Ernest Jeter, *pro se*
124-21 Flatlands Avenue, Apt. 1-J
Brooklyn, New York 11208

I certify under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
March 19, 2007

_____
Daniel Chiu