UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ERNEST JETER,

                     Plaintiff,

   - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                     Defendants.
-------------------------------------------------------X

**ORDER**
**06 CV 3687 (DGT)(LB)**

**BLOOM, United States Magistrate Judge:**

By letter dated April 28, 2010, plaintiff requests an order directing New York City Special Deputy Commissioner of Investigation, Richard Condon, to appear for a deposition. (Document 70) Plaintiff's previous request to depose Mr. Condon was denied. However, plaintiff was given the opportunity to renew his request after deposing Regina Loughran and Thomas Fennel.[1] (Documents 63, 66)

Plaintiff has since completed his questioning of these individuals and now renews his request to depose Mr. Condon. Plaintiff argues that Mr. Condon should be directed to appear for a deposition, as he has "unique personal knowledge as final policymaking decisionmaker within the agency." (Document 70) According to his April 28, 2010 letter request, plaintiff filed at least seven different allegations with the Special Commissioner for Investigation ("SCI") which were "not accepted by SCI, but instead handed off to lesser investigative agencies, and in many cases never even concluded with final reports or conclusions." (Id.) Plaintiff intends to question Mr. Condon as to "how this selective prosecution of cases occurred, and what criteria Mr. Condon actually uses to

---

[1] The Court later granted plaintiff's request to depose Loughran and Fennel upon written questions. (Document 67)

decide which cases to retain and 'substantiate'." Plaintiff claims that SCI "may have a *de facto* policy of treating supervisor complaints against subordinates seriously, while shelving complaints by subordinates against supervisors and other DOE high-level officials" and that this "obviously raises serious equal protection concerns." (Id.)

Defendants respond, arguing first that plaintiff's request to depose Mr. Condon is untimely. (Document 71) Although plaintiff's explanation as to why the instant request is one day late is far from compelling, the Court will not deny the request on that basis. Defendants argue, in the alternative, that plaintiff fails to demonstrate that his administrative complaints to SCI were essentially ignored or disregarded, or why that is relevant to plaintiff's claim here that he was subjected to disciplinary charges for discriminatory reasons. (Id.)

In addition to plaintiff's claim that defendants investigated him for discriminatory reasons, he makes a separate allegation in his complaint that "[d]efendant(s) has/have not provided plaintiff with equal protection of the laws under the Fourteenth Amendment of the Constitution of the United States . . . by not investigating plaintiff's complaints to the Chancellor of the New York City Department of Education, [or] to the Office of the Special Commissioner of Investigation . . . ." (Complaint at 37, ¶16) Plaintiff's complaint, however, does not articulate the discriminatory basis for this equal protection claim, and plaintiff's instant request seems to argue that defendants investigated complaints brought by supervisors but not complaints brought by subordinates. (Document 70)

Plaintiff was directed to depose witnesses Loughran and Fennel, and was told that

he would be permitted to depose Condon only if he demonstrated that Mr. Condon possessed relevant information that could not be obtained from any other source.[2] Assuming Loughran and Fennel's responses establish that Condon is the final policy making decisionmaker within SCI who decides which cases SCI retains and investigates, plaintiff still fails to connect Condon to his claims of discrimination. The Court will not Order Special Deputy Commissioner Condon to be deposed based solely on vague and speculative claims of discrimination. Plaintiff's request fails to explain how Mr. Condon used his authority to deny plaintiff equal protection, or otherwise discriminate against him based on an *impermissible* basis. Whereas plaintiff previously sought Mr. Condon's deposition to determine how he decides to "pursue charges against some employees and not others," (document 56), plaintiff now concentrates on whether Mr. Condon preferred the accusations of supervisors over the accusations of their subordinate employees. Contrary to plaintiff's assertion, such a theory does not "obviously raise[] serious equal protection concerns."

Although the Court was inclined earlier to permit plaintiff to depose Mr. Condon (see document 60), the more plaintiff argues, the less he has to show to support his position that the Court should compel Condon's deposition.[3] As I noted in my 1/29/10 Order, Condon's testimony was purportedly necessary and relevant "to plaintiff's claim

---

[2] See this Court's December 17, 2009 Order setting forth the standard for granting leave to depose a high-ranking government official. (Document 55)

[3] Plaintiff continues to refer to the August 24, 2006 email from Mr. Condon to plaintiff, regarding the complaints plaintiff filed with SCI. As previously noted, the email was sent nearly a month *after* plaintiff filed the instant action, and is not a basis for ordering Mr. Condon's deposition. One other email was sent from Jeter to Condon on May 19, 2006 stating "Mr. Frenell's [sic] not responding to me, I'd like the courtesy of a response from you." (Transcript of 11/13/09 Conference; Document 53 at 20, lines 18 – 21) This is likewise insufficient to order Condon's deposition.

that he was singled out for investigation because of his race, and in retaliation for filing previous employment discrimination actions." (Document 60 at 3) See Transcript of 11/13/09 Conference; Document 53 at 13, lines 11 – 13 ("part of [plaintiff's] claim is that he was raising these complaints and he was selectively targeted because of his race.") However, plaintiff makes no allegations to tie Condon to his race discrimination or retaliation claims. Plaintiff only vaguely mentions race and retaliation in the most conclusory terms, if at all, in his recent submissions regarding his need to depose Condon. Plaintiff thus fails to demonstrate the necessity for Condon's deposition. His new theory of selective prosecution by Mr. Condon and SCI does not implicate race discrimination, retaliation, or equal protection. Therefore, plaintiff's request for an Order directing Mr. Condon to appear for a deposition is denied.

Discovery is closed in this case. If defendants intend to move for summary judgment, they shall write to Judge Trager by May 24, 2010 to request a premotion conference.

SO ORDERED.

                                                                           /S/
                                                LOIS BLOOM
                                                United States Magistrate Judge

Dated: May 10, 2010
      Brooklyn, New York