UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ERNEST JETER,

                        Plaintiff,          **ORDER**
                                          **06 CV 3687 (DGT)(LB)**

   - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                       Defendants.
---------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

       Plaintiff's May 19, 2010 letter to the Court revisits, yet again, plaintiff's request to depose Special Commissioner of Investigation, Richard Condon. (Document 75.) Plaintiff requests reconsideration of my May 10, 2010 Order denying plaintiff permission to depose Mr. Condon. Familiarity is assumed with the Court's prior Orders regarding this issue. (See documents 52-75.) My May 10, 2010 Order found that "[p]laintiff's request [to depose Mr. Condon] fails to explain how Mr. Condon used his authority to deny plaintiff equal protection, or otherwise discriminate against him based on an *impermissible* basis . . . [plaintiff's] theory of selective prosecution by Mr. Condon and SCI does not implicate race discrimination, retaliation, or equal protection." (Document 74)(emphasis in original).

       Plaintiff's instant request for reconsideration *still* does not raise any basis for Condon's deposition beyond speculation. As his letter concedes, plaintiff does not know the race of the individuals to whom plaintiff claims he is similarly situated. Plaintiff blames defendants' purported failure to produce discovery—namely, a list of Department of Education employees who were granted amnesty for unspecified disciplinary

charges—for his failure to identify his comparators. Plaintiff appears to argue that such a list should have been produced in response to his first set of document requests, and that "such an amnesty list came to light for the first time with the written responses of Ms. Loughran and Mr. Fennell." (Document 75 at 3.)

This argument is nothing more than a backdoor attempt to reopen discovery on matters that plaintiff should have addressed earlier. Although the existence of an actual "list" of individuals granted amnesty may have recently come to light, plaintiff knew long ago that such individuals were granted amnesty, but he failed to timely request discovery on the matter. In a February 12, 2010 email to defendants, plaintiff asked defendants for this very information. That email requested (among other similar and related items) "a list of all individual DOE employees to whom Mr. Klein granted amnesty by not bringing them up on disciplinary charges for committing acts of misconduct . . . ." (Document 64 at 3.)

Plaintiff's instant motion states that "the Court has repeatedly denied Plaintiff's request [for the production of such discovery]." (Document 75 at 3.) This is true. However, the Court denied plaintiff's request for this information because it was untimely, noting that at the time plaintiff made the request, the Court "extended discovery [on three separate occasions] for the limited purpose of deposing Ms. Loughran, Mr. Fennel, and/or Mr. Condon . . . [and that] [t]hese limitations were imposed to prevent the parties from making new [discovery] requests."[1] (Document 67 at 2.) Plaintiff's

---

[1] Prior to these extensions, the Court had extended the deadline for the parties to complete *all* discovery to December 31, 2009. (Document 43.) Therefore, plaintiff's February 12, 2010 email request was untimely.

discovery requests for the "amnesty list" were untimely in February and they are untimely now. Plaintiff cannot go back to conduct the discovery that should have been conducted earlier, just as he cannot go back on this motion for reconsideration to "relitigate an issue already decided." See Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995)(setting forth the "strict" standard for granting a motion for reconsideration).

Accordingly, plaintiff's requests to extend discovery and for reconsideration of the May 10, 2010 Order are denied. If the parties intend to move for summary judgment, they shall write to Judge Trager by May 24, 2010 to request a premotion conference.
SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: May 21, 2010
      Brooklyn, New York