UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ERNEST JETER,

                                Plaintiff,

          -against-

NEW YORK CITY DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF INVESTIGATION OF THE CITY
OF NEW YORK, and THE OFFICE OF SPECIAL
COMMISSIONER OF INVESTIGATION FOR NEW
YORK CITY SCHOOL DISTRICT OF THE CITY OF
NEW YORK, *et al.*,

                              Defendants.
-------------------------------------------------------------x

**PLAINTIFF'S
RULE 56.1
STATEMENT**

06-CV-3687
(NGG)(LB)

      Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern and Eastern District of New York and this Court's motion rules, Plaintiff, by his attorneys Glass Krakower LLP (Bryan D. Glass, Esq.), submits this statement of material facts upon which there are no issues to be tried.

**PLAINTIFF'S COMPLAINTS AGAINST DEFENDANTS**

      1.    Plaintiff filed his first anti-discrimination charge against Defendant NYCDOE with the U.S. Equal Employment Opportunity Commission dated February 20, 1998, and his federal complaint against Defendants on May 4, 1999. *See* Decision on first case dated 3/30/04, Exhibit B to Defendants' Declaration in Support of Motion for Summary Judgment (hereinafter "Chiu Declaration").

      2.    Plaintiff filed the federal anti-discrimination complaint in the instant action against Defendants on July 27, 2006. *See* 7/27/06 Complaint, Chiu Declaration Exhibit A.

1

3.     Defendants moved to dismiss the entire complaint, but Judge Trager issued a decision dated March 4, 2008, allowing Plaintiff's Section 1981, 1983, and Title VII claims against Defendants to proceed.  *See* Judge Trager's Decision on Defendants' Motion to Dismiss, dated 3/4/08, Exhibit 1 to Declaration of Bryan D. Glass (hereinafter "Glass Declaration").

## RETALIATORY ACTS OF DEFENDANTS AGAINST PLAINTIFF

4.     After Plaintiff filed his first federal complaint against Defendants on May 4, 1999, Defendants initiated an investigation against Plaintiff regarding his modified work schedule and issued him a disciplinary letter dated May 9, 2003.   *See* Letter dated 5/9/03, Chiu Declaration Exhibit V.  This was ultimately the basis for two disciplinary specifications against Plaintiff at his Section 3020-a trial that were dismissed by Hearing Officer Sharpe after a full and fair hearing not appealed by Defendants.  *See* Hearing Officer Decision, Specifications 1 and 2 and pp. 2-3 and 17-27, Chiu Declaration Exhibit P.

5.     After Plaintiff wrote a letter to the Mayor's Office on May 11, 2003 to complain that he was being unfairly treated by District 75 Superintendent Susan Erber and Deputy Superintendent Bonnie Brown, Defendants merely referred his complaint to the Medical Bureau for closure rather than have the complaint fairly investigated by the Special Commissioner of Investigation's Office or the NYCDOE's Office of Special Investigation.  *See* Plaintiff's 3/11/03 letter, Chiu Declaration Exhibit BB; Correspondence from Mayor's Office, SCI, OSI, and Medical Bureau, all annexed as Glass Declaration Exhibit 2.

6.     After Plaintiff wrote a letter to the Mayor's Office on May 11, 2003 to complain that he was being unfairly treated by Susan Erber and Bonnie Brown, Defendants, through Principal Rachael Henderson, encouraged 811K Guidance Counselor Steven Lent to file a police

report against Plaintiff in March 2004 arising out of an alleged incident weeks before on February 13, 2004 (despite Lent stating he did not want to and saw no reason to file such complaint and did not want to pursue it).  *See* Transcript of 3020-a hearing testimony, dated 3/31/06, of Steven Lent, 3/31/06, at pp. 98-108,  Glass Declaration Exhibit 3; Police Complaint Report, Chiu Declaration Exhibit R.   The DOE's Office of Equal Opportunity ("OEO"), via its investigator Michael Valente, was advised that the District 75 Superintendent's office intervened in the report, and closed the file on March 19, 2004, with an understanding that the situation was fully resolved as an issue of workplace disharmony between Mr. Lent and Plaintiff.  *See* Valente email, dated 3/8/04, Chiu Declaration Exhibit DD; Valente correspondence and 3/19/04 letter from OEO Director dated 3/19/04, Glass Declaration Exhibit 4.   811K Principal Rachael Henderson further resolved the situation on March 10, 2004 with issuing Plaintiff a counseling memo (which explicitly states that "a counseling memo is not disciplinary in any manner and cannot be used in any action against an employee except to prove notice in (sic) if the employee denies notice").  *See* 3/10/04 Counseling Memo from Henderson to Jeter, Glass Declaration Exhibit 4; Hearing Officer Decision, Chiu Declaration Exhibit P.   Yet, the DOE violated its own regulations by charging Plaintiff with an incident in his Section 3020-a  (Specification 8) that *already had been resolved* with Principal Henderson's non-disciplinary counseling memo, and by egregiously failing to even produce (or deliberately withholding) the 3/10/04 counseling memo document from Plaintiff and his counsel during the course of Plaintiff's 3020-a trial in violation of New York State Education Law Section 3020-a pre-hearing discovery procedures (i.e., logically Hearing Officer Sharpe likely would have dismissed this Specification 8 against Plaintiff had Defendants properly disclosed the 3/10/04 counseling memo letter to Plaintiff and the Hearing Officer in compliance with Section 3020-a law).

7.    Plaintiff filed a report with the DOE's Office of Equal Opportunity ("OEO") against Mr. Lent as a result of the false police report, dated March 9, 2004, and the DOE never investigated nor substantiated the report. *See* Jeter complaint against Lent, Chiu Declaration Exhibit CC.

8.    Plaintiff sent an email complaint dated May 19, 2004, to 811K school principal Rachael Henderson about inadequate space to ensure confidentiality during guidance counselor sessions, which was rejected by administration. *See* Jeter email to Henderson, Glass Declaration Exhibit 5.

9.    After Plaintiff sent his email complaint about Defendants' violation of law regarding failure to provide adequate space in violation of confidentiality laws, Defendants, via DOE school based service coordinator Margo Levy, prepared a disciplinary letter against Plaintiff about his maintenance of Related Service Attendance Cards, dated June 4, 2004. This was ultimately the basis for a disciplinary specification at his Section 3020-a trial that was dismissed by the Hearing Officer after a full and fair adjudication that was not appealed by the DOE. *See* Letter dated 6/4/04, Exhibit W to Chiu Declaration; *see* Hearing Officer Decision, Specification 6, pp. 46-54, Chiu Declaration.

10.    After Plaintiff filed a racial discrimination charge against Defendants with the New York State Division of Human Rights against Defendants in July 2004, *see* 7/6/04 SDHR charge, Chiu Declaration Exhibit EE, Plaintiff received a letter dated September 23, 2004, from 811K Assistant Principal Rosina Demarco, at the direction of Francine Dreyfus rather than school principal Henderson, implementing new procedures specific to Plaintiff's work that had never been imposed before. *See* 9/23/04 Letter, Glass Declaration Exhibit 6.

11.     After Plaintiff filed a racial discrimination charge with the State Division of Human Rights against Defendants in July 2004, *see* 7/6/04 SDHR charge, Chiu Declaration Exhibit EE, Francine Dreyfus reported Plaintiff to the Special Commissioner of Investigation for theft of service on or about October 8, 2004, for not allegedly seeing an allegedly complaining parent Sylvia Serra's children for guidance counseling sessions, which was substantiated by SCI. *See* SCI case form dated 10/8/04 and Investigator's Final Report and Letter from Regina Loughran, Chiu Declaration Exhibits J-L. The substance of these allegations were ultimately the basis for disciplinary specifications at Plaintiff's Section 3020-a trial that were *entirely dismissed* as lacking merit by the Hearing Officer after a full and fair adjudication and were ordered expunged from Plaintiff's personnel file, that was not appealed by Defendants. *See* Hearing Officer Decision, Specifications 4 and 5, pp. 37-45, Exhibit P to Chiu Declaration. The parent admitted at her deposition that she was not really aware if Plaintiff saw her sons for their mandated counseling sessions. *See* Sylvia Serra Deposition Transcript pp. 81-85, Glass Declaration Exhibit 7.

12.     After Plaintiff filed a racial discrimination charge with the State Division of Human Rights against Defendants in July 2004, *see* 7/6/04 SDHR charge, Chiu Declaration Exhibit EE, Francine Dreyfus wrote Plaintiff a letter, dated October 18, 2004, accusing him of failing to maintain Related Service Attendance cards. *See* 10/18/04 Letter, Chiu Declaration Exhibit X. This was ultimately the basis for a disciplinary specification at his Section 3020-a trial that was dismissed by the Hearing Officer after a full and fair adjudication that was not appealed by the DOE. *See* Hearing Officer Decision, Specification 10, p. 4 and pp. 73-79, Chiu Declaration Exhibit P.

13.     After Plaintiff filed a racial discrimination charge with the State Division of Human Rights against Defendants in July 2004, *see* 7/6/04 SDHR charge, Chiu Declaration Exhibit EE, Francine Dreyfus wrote Plaintiff another letter, dated November 30, 2004, accusing him of failing to maintain Related Service Attendance cards. *See* 11/30/04 Letter, Chiu Declaration Exhibit Y. This was ultimately the basis for a disciplinary specification at his Section 3020-a trial that was dismissed by the Hearing Officer after a full and fair adjudication that was not appealed by the DOE. *See* Hearing Officer Decision, Specification 11, p. 4 and pp. 79-85, Chiu Declaration Exhibit P.

14.     After Plaintiff filed an OEO complaint against Francine Dreyfus on January 17, 2005, *see* OEO Complaint and attached letter from Plaintiff to OEO dated 1/17/05, Chiu Declaration Exhibit GG, he was ordered to attend a disciplinary meeting by Francine Dreyfus on January 27, 2005, and was soon after presented an SCI report, dated February 18, 2005, recommending his termination based on an investigation initiated by Francine Dreyfus; received another letter from Francine Dreyfus, dated April 7, 2005, concluding he engaged in misconduct, *see* 4/7/05 letter, Chiu Declaration Exhibit Z, and reassigned from his duties effective April 12, 2005. These events were ultimately the basis for disciplinary specifications against Plaintiff at his Section 3020-a trial that ultimately were dismissed by the Hearing Officer and not appealed by Defendants. *See* Hearing Officer Decision, Chiu Declaration Exhibit P.

15.     After Plaintiff filed an OEO complaint about racial discrimination towards him by Francine Dreyfus in April 2005, *see* OEO Complaint and attached letter from Plaintiff to OEO dated 4/4/05, Chiu Declaration Exhibit HH, and a letter to the Mayor's Office concerning mistreatment by Francine Dreyfus on April 18, 2005, *see* 4/18/05 letter, Chiu Declaration Exhibit II, Plaintiff was served disciplinary charges seeking termination of his employment,