06 Civ. 3687 (NGG)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERNEST JETER,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, *et al.*,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-115*
*New York, New York 10007*

*Of Counsel:*
*Daniel Chiu*

*Tel: 212-788-1158*

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................................ i

PRELIMINARY STATEMENT ..............................................................................1

ARGUMENT

      POINT I

            PLAINTIFF IS NOT ENTITLED TO COLLATERAL
            ESTOPPEL ...........................................................................................3

      POINT II

            PLAINTIFF SHOULD BE BARRED FROM CITING TO,
            OR INTRODUCING, EXHIBITS 2, 10, 13, 14, 16, 18, 19,
            20, 21, AND 24 AS EVIDENCE OR IN SUPPORT OF HIS
            MOTION.................................................................................................8

CONCLUSION ...................................................................................................10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

ERNEST JETER,

                                  Plaintiff,

               -against-

NEW YORK CITY DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF INVESTIGATION OF THE CITY
OF NEW YORK, and THE OFFICE OF SPECIAL
COMMISSIONER OF INVESTIGATION FOR NEW
YORK CITY SCHOOL DISTRICT OF THE CITY OF
NEW YORK,

                              Defendants.

                                          06 Civ. 3687 (NGG)(LB)

------------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

       Plaintiff, a guidance counselor employed by the New York City Department of

Education ("DOE"), claims that he was investigated and charged with disciplinary because of his

race and in retaliation for opposing discrimination.[1]   Plaintiff moves for summary judgment

asserting that he is entitled to collateral estoppel because he was found not guilty on some of the

charges and specification lodged against him.   Plaintiff argues that because he was found not

guilty the charges must have been made without any basis and must therefore have been the

product of discrimination or retaliation.

       Defendants oppose plaintiff's motion for summary judgment.   First, plaintiff is

legally incorrect on his primary contention - collateral estoppel does not apply here.   The DOE

had the burden of proving charges at the disciplinary hearing while plaintiff has the burden of

---

[1] DOE is formally the Board of Education of the City School District of the City of New York.
All references to "§ 3020-a" are to New York Education Law § 3020-a.

proving his case in the instant proceeding.   These differing burdens of proof make issue preclusion inapplicable here.

Moreover, there is no identity of issues.   The issue at the disciplinary hearing was whether plaintiff knowingly violated the rules of the DOE.   The hearing Officer found that other possible explanations for repeated "errors" on plaintiff's timesheets prevented finding him guilty by a preponderance of the evidence on some of the disciplinary charges.   The issue in the instant case is whether discriminatory or retaliatory animus motivated the lodging of charges against plaintiff.   Plaintiff is therefore not entitled to collateral estoppel.

In any event, defendants need not show plaintiff's guilt to have a legitimate nondiscriminatory reason for bringing charges.   Even though plaintiff was found not guilty after a hearing of some charges, it does not show an absence of probable cause to believe those charges.   The DOE need not always succeed on a disciplinary prosecution to be acting lawfully.   Nor does it show that there was any bad faith in bringing the charges.

As issue preclusion is the lynchpin of plaintiff's motion for summary judgment the motion must be denied.

## ARGUMENT

### POINT I

### PLAINTIFF IS NOT ENTITLED TO COLLATERAL ESTOPPEL.

Plaintiff argues that he is entitled to summary judgment because defendants are "offensively collaterally estopped from relitigating the allegations raised against plaintiff in his section 3020-a trial as a legitimate nondiscriminatory basis for bringing the section 3020-a proceeding against him." See Plaintiff's Memorandum of Law for Summary Judgment, dated November 30, 2011 ("Pl. Mem."), at 2.  Plaintiff argues that because the § 3020-a hearing officer did not sustain all of the charges preferred against plaintiff, the Court should infer that the only reason charges were preferred at all was because of plaintiff's race or in retaliation for protected activity.  See Pl. Opp. at 4 ("Clearly, there is only one logical inference from any reasonable factfinder—*i.e*, the charges were brought falsely against Plaintiff based on unlawful retaliatory motives.")  Plaintiff, however, does not offer any law or evidence, except for inadmissible speculation, to support his argument.  Indeed, plaintiff's argument is unsupported by law or fact and should be rejected.

Plaintiff attempts to support his argument by citing Burkybile v. Bd. of Educ. of the Hastings-on-Hudson Union Free Sch. Dist., 411 F.3d 306 (2d Cir. 2005), cert. denied 546 U.S. 306 (2005).  As stated in plaintiff's memorandum of law, however, plaintiff's case is "the opposite of *Burkybile*."  See Pl. Opp. at 3.  In Burkybile, the Second Circuit held that the determination of the hearing officer, sustaining the charges against Burkybile, that she was incompetent, insubordinate, and engaged in misconduct, precluded her claims under 42 U.S.C. § 1983.  Id. 411 F.3d at 310-12.  The Burkybile plaintiff was precluded from arguing that she was not guilty of the disciplinary charges and that guilt was a legitimate nondiscriminatory

reason for the government's actions against her.  Burkybile could not show pretext and, thus, defendants were granted summary judgment.

In the instant case, there was no finding by the hearing officer that defendants preferred disciplinary charges against plaintiff because of his race or in retaliation for filing prior complaints of discrimination.  The Hearing Officer did not even find the charges to be baseless or in bad faith or without probable cause.  As a result, collateral estoppel does not apply to plaintiff's claims.

In addition, plaintiff is not entitled to issue preclusion where there existed different burdens of proof.  At the § 3020-a hearing, DOE had the burden of proof to demonstrate that plaintiff committed the misconduct charged.  Simply because DOE was unable to sustain its burden of proof during a § 3020-a proceeding does not then obviate plaintiff from his obligation to meet his burden of proof in demonstrating that defendants preferred disciplinary charges against him because of his race or in retaliation for filing discrimination complaints  See Ryan v. New York Telephone Company, 62 N.Y.2d 494, 504, 467 N.E.2d 487, 478 N.Y.S.2d 823 (1984) (dismissal of criminal charges does not mean that the accused is innocent of charges); People ex rel. Matthews v. New York State Div. of Parole, 58 N.Y.2d 196, 202-03, 447 N.E.2d 689, 692-93, 460 N.Y.S.2d 746, 748-49 (1983)(acquittal at criminal trial does not bar revocation of parole based on the same events in parole hearing); see also Reed v. State of New York, 78 N.Y.2d 1, 7-8, 574 N.E.2d 433, 571 N.Y.S.2d 195 (1991); Property Clerk of New York City Police Department v. Ferris, 77 N.Y.2d 428, 430-31, 570 N.E.2d 225, 227, 568 N.Y.S.2d 577, 579 (1991) ("Ferris").[2]

---

[2] State issue preclusion rules are relevant to federal issue preclusion under Migra v. Warren City School District, 465 U.S. 75, 81 (1984) and University of Tennessee v. Elliott, 478 U.S. 788 (1986).

For example in <u>Reed</u>, the plaintiff in a civil case seeking damages from erroneous imprisonment contended that her eventual acquittal on criminal charges could form the basis of issue preclusion against the State of New York which had prosecuted the charges.  The New York Court of Appeals rejected the <u>Reed</u> plaintiff's request and refused to apply issue preclusion against the government in the latter civil case.

> An acquittal of criminal charges is not equivalent to a finding of innocence. On the contrary, "an acquittal on any basis which does not involve the defendant bearing part of the burden of proof merely stands for the proposition that the People have failed to meet the higher standard of proof required at the criminal proceeding." ( *People ex rel. Matthews v New York State Div. of Parole*, 58 NY2d 196, 203.) An acquittal may prevent relitigation of issues necessarily resolved in the defendant's favor at a subsequent criminal proceeding because that higher standard of proof applies at the subsequent proceeding *(People v Acevedo*, 69 NY2d 478, 484-486; *People v Goodman*, 69 NY2d 32, 38).  However, where the subsequent proceeding is a civil one, involving a lower standard than proof beyond a reasonable doubt, an acquittal is not proof of innocence.
>
> These principles apply regardless of the nature of the subsequent civil proceeding. . . .

78 N.Y.2d at 7-8.

For another example, in <u>Ferris</u>, the New York Court of Appeals held that

> Because forfeiture is a civil proceeding, petitioner need only prove by a preponderance of the evidence that the property is subject to forfeiture *(see, Property Clerk v Hurlston*, 104 AD2d 312, 313). The trial court found petitioner had satisfied that burden notwithstanding respondent's plea to disorderly conduct. Indeed, the outcome of the underlying criminal charges is irrelevant to the outcome of the civil forfeiture proceeding *(Property Clerk v Conca*, 148 AD2d 301, 302; *Matter of Property Clerk v Batista*, 111 AD2d 135, 136;

- 5 -

> *Property Clerk v Hurlston, supra*, at 313). Because
> of the differing degree of proof, even acquittal
> would not necessarily prevent a subsequent
> forfeiture under the Code's provisions *(see,*
> *Property Clerk v Conca, supra*, at 302; *cf., People*
> *ex rel. Matthews v New York State Div. of Parole*,
> 58 NY2d 196, 202-203 [an acquittal on criminal
> charges ordinarily will not have collateral estoppel
> effect in a subsequent parole revocation proceeding
> evolving from those same charges, because of the
> higher degree of proof the People must meet in the
> criminal action])

77 N.Y.2d at 430-31, 570 N.E.2d at 227, 568 N.Y.S.2d at 579 (material in parentheses and

brackets as in the original).

Varying burdens of proof prevent the application of issue preclusion against the

government here.  In the cited cases, the burden of proof shifted from "beyond a reasonable

doubt" to a lesser standard.  This shift in burdens of proof prevented issue preclusion against the

government.  Here, the DOE had the burden of proof at the disciplinary trial but has no burden of

proof as a defendant in this case.  It is axiomatic at this point that, under the McDonnell-Douglas,

burden shifting paradigm, the burden of persuasion remains at all times on the plaintiff.  See St.

Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 and 509-11 (1993); Holt v. KMI-Continental,

Inc., 95 F.3d 123, 129 (2d Cir. 1996), cert. denied, 520 U.S. 1228 (1997); see also McDonnell-

Douglas v. Green, 411 U.S. 792 (1973).

The Hearing Officer did make determinations, however, that preclude plaintiff, in

accordance with Burkybile, from arguing that the disciplinary charges were preferred against

him because of his race or in retaliation for filing discrimination complaints.  The Hearing

Officer substantiated the Charges against plaintiff that he told another guidance counselor to ". . .

put your hands down your pants and play with yourself to give you something to do" and called

Superintendents Susan Erber and Bonnie Brown motherfuckers.  See § 3020-a Decision, at 64-66

and 90-97, Declaration of Daniel Chiu, dated November 18, 2011 ("Chiu Dec."), Exhibit P.

In addition, the hearing officer already determined that DOE had a legitimate

basis for preferring charges against plaintiff.  First, when the hearing officer denied plaintiff's

motion to dismiss all charges at the outset of the hearing, finding that he was "unable to conclude

that the Department's evidence is so lacking at this juncture as to warrant dismissal of [12 of 15]

allegations."[3]  See Ruling on Respondent's Motion to Dismiss All Specifications, dated July 17,

2006 ("MTD Ruling"), at 9, Chiu Dec., Exhibit MM.

Further, plaintiff sought to obtain a decision from the § 3020-a Hearing Officer to

impose costs and attorneys fees upon DOE for filing frivolous charges.  The Hearing Officer

again denied plaintiff's motion, finding that attorneys fees and costs could only be awarded if

> the Hearing Officer finds that all or part of the
> charges were frivolous.  Since "frivolous" means
> lack of any basis or seriousness and for most of the
> specifications the Department produced some
> evidence, albeit not rising to the level of
> persuasiveness necessary to sustain the burden of
> proof, it would not be accurate to label the
> Department's charges as frivolous.

See 3020-a Decision at 100, n. 30, Chiu Dec., Exhibit P.

Defendants thus possessed evidence to support the charges, but, according to the

Hearing Officer, not enough evidence to substantiate the charges.  There was, in short, proable

cause to prosecute these charges.  Since defendants possessed evidence to support the charges, it

cannot be said that plaintiff is entitled to summary judgment because defendants were motivated

---

[3] This is an administrative decision which is somewhat analogous to a finding of probable cause
in a criminal case or the denial of a suppression motion in a criminal case, which may get
collateral estoppel effect precluding the criminal defendant from later claiming a lack of
probable cause in a civil suit.  See Owens v. Treder, 873 F.2d 604 (2d Cir. 1989)(court decision
in suppression hearing gets preclusive effect).

by his race or sought to retaliate against plaintiff in bringing the charges.  Moreover, if DOE was in-fact motivated by discriminatory or retaliatory animus in preferring disciplinary charges against plaintiff, the Hearing Officer should have, at the very least, found that the disciplinary charges were frivolous.  The Hearing Officer, however, did not, precluding plaintiff from obtaining summary judgment that defendants preferred the disciplinary charges against plaintiff because of his race or for retaliatory reasons.

## POINT II

**PLAINTIFF SHOULD BE BARRED FROM CITING TO, OR INTRODUCING, EXHIBITS 2, 10, 13, 14, 16, 18, 19, 20, 21, AND 24 AS EVIDENCE OR IN SUPPORT OF HIS MOTION.**

In support of plaintiff's motion for summary judgment, plaintiff cited to documents that were not produced to defendants during discovery even though the documents would have been responsive to several of defendants' discovery requests.  Plaintiff should thus be precluded from using such documents in support of his motion for summary judgment. Fleming v. Verizon New York Inc., 2006 U.S. Dist. Lexis 68632 *22 (S.D.N.Y. Sept. 25, 2006) quoting Fed. R. Civ. P. 26(a) (party not "permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed"); Am. Stock Exch., LLC v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y. 2002)(federal discovery rules designed to avoid surprise or trial by ambush).

In response to Defendants' Request for Documents, plaintiff objected to every request and refused to produce any documents.  Plaintiff responded to nearly every request by parroting the same objection and, instead of producing any responsive documents, merely referred defendants back to documents that defendants previously produced to plaintiff, that is,

document numbers DOE0001-2215.[4]   See Plaintiff's Response to Defendants' First Set of Interrogatories and Request for Production of Documents, dated March 6, 2009, annexed to the Declaration of Daniel Chiu, dated January 6, 2009, as Exhibit C.

      The documents identified as Plaintiff's Exhibits 2, 10, 13, 14, 16, 18, 19, 20, 21, and 24 were not previously produced to defendants and defendants' first notice of the documents were when defendants received plaintiff's motion for summary judgment.  Plaintiff's refusal to produce the documents to defendants during discovery has caused substantial prejudice to defendants.  First, by refusing to produce the documents during discovery, plaintiff precluded defendants from questioning plaintiff about the documents during his deposition.  In addition, Exhibits 2, 10, 16, 18, and 20 appear to be DOE documents that were not produced by defendants.  By withholding the documents until plaintiff's motion for summary judgment, plaintiff prevented defendants from verifying the authenticity of the documents, and for the documents that may in-fact be authentic, develop an understanding as to the circumstances that caused the creation of the documents.  Plaintiff's refusal to comply with his discovery obligations thus prevented defendants from fully evaluating the accuracy of the representations plaintiff made about the documents.  Because plaintiff did not produce Exhibits 2, 10, 13, 14, 16, 18, 19, 20, 21, and 24 to defendants during discovery, plaintiff should be precluded from using those documents in support of his motion for summary judgment.

---

[4] Documents with the number DOE0001-2215 identify the documents produced by defendants in this action.

## CONCLUSION

For the foregoing reasons defendants respectfully request that the Court issue an order denying plaintiff's motion for summary judgment in its entirety, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      January 6, 2012

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the City of New York
                    Attorney for Defendants
                    100 Church Street, Room 2-115
                    New York, New York 10007
                    212-788-1158

              By: _____
                    Daniel Chiu
                    Assistant Corporation Counsel

**ALAN M. SCHLESINGER,**
**DANIEL CHIU,**
    Of Counsel