06 CV 3687 (NGG)(LB)

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---

ERNEST JETER,

                                        Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK; *et al.*

                                        Defendants.

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

**GLASS KRAKOWER LLP**

Attorneys for Plaintiff
11 Penn Plaza, 5th Floor
New York, NY 10001

Bryan D. Glass, Esq.
Tel: 212-537-6859

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ERNEST JETER,

                        Plaintiff,

     -against-

NEW YORK CITY DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF INVESTIGATION OF THE CITY
OF NEW YORK, and THE OFFICE OF SPECIAL
COMMISSIONER OF INVESTIGATION FOR NEW
YORK CITY SCHOOL DISTRICT OF THE CITY OF
NEW YORK, *et al.*,

                        Defendants.
------------------------------------------------------------x

06-CV-3687
(NGG)(LB)

## PRELIMINARY STATEMENT

Plaintiff Ernest Jeter, a tenured guidance counselor employed by the New York City Department of Education, submits this reply memorandum of law in further support of his cross-motion for summary judgment as to liability on his Title VII and Section 1983 claims. As a matter of law, the Defendants discriminated and/or retaliated against him. Only the issue of damages remains for trial.

When the Defendants brought a Section 3020-a administrative proceeding against Plaintiff to terminate his employment, a neutral hearing officer dismissed essentially all the charges and specifications and imposed no penalty on him. The Defendants had a full and fair opportunity to prosecute Plaintiff in that proceeding, which consisted of 22 days of hearing over more than a calendar year. The Defendants failed to prove the charges and specifications by a preponderance of the evidence and then failed to appeal from the neutral hearing officer's findings and conclusions. Accordingly, Defendants are now offensively collaterally estopped

from relitigating the facts presented at these hearings as a good faith legitimate nondiscriminatory basis for proceeding to bring Section 3020-a disciplinary charges against Plaintiff. Since Defendants cannot satisfy the second prong of the *McDonell-Douglas* burden-shifting test (*i.e.,* no legitimate nondiscriminatory reason for the disciplinary charges), the Court should grant Plaintiff's motion for summary judgment on the liability issue of Title VII and Section 1983 retaliation as a matter of law, and, as a federal district court has done in the case of *Farley v. North Bergen Township Board of Education*, 705 F. Supp. 223, 228-29 (D. N.J. 1989), these claims should proceed to a jury against Defendants on the issue of damages only.

## ARGUMENT

### POINT I

**DEFENDANTS ARE OFFENSIVELY COLLATERALLY ESTOPPED FROM RELITIGATING THE ALLEGATIONS RAISED AGAINST PLAINTIFF IN HIS SECTION 3020-A TRIAL AS A LEGITIMATE NONDISCRIMATORY BASIS FOR BRINGING THE SECTION 3020-A PROCEEDING AGAINST HIM.**

Defendants concede in their opposition brief to the summary judgment motion that the only support they can find against the effects of offensive collateral estoppel *not* applying in this case involve criminal cases such as *Reed* and *Ferris*. However, the cases cited by Defendants in the *criminal* forum are clearly distinguishable. In those cases, a higher standard of proof clearly applies—*i.e.,* proof beyond a reasonable doubt. Here, no higher standard of proof is applicable—Defendants repeatedly tried to find Plaintiff guilty of disciplinary charges by a preponderance of evidence, and a neutral factfinder found that Defendants were unable to meet that very same standard.

Defendants do not even dispute that they had every full and fair opportunity to litigate disciplinary charges against Plaintiff at his Section 3020-a administrative trial. Having had every full and fair opportunity to present and prove their legitimate nondiscriminatory reasons

2

for bringing charges against Plaintiff at his disciplinary trial before a neutral arbitrator/factfinder, and those reasons having been *rejected*, Defendants no longer have a legitimate nondiscriminatory reason to explain the preferral of these disciplinary charges against Plaintiff, and thus the only reasonable inference is that these disciplinary charges clearly were pretextual.

In *Farley v. North Bergen Township Board of Education*, 705 F. Supp. 223, 228-29 (D. N.J. 1989), a federal district court granted summary judgment to Plaintiff in a federal employment discrimination action under somewhat analogous circumstances. In that case, a federal district court found that a demoted educator who prevailed in an administrative proceeding could use the administrative proceeding's earlier findings against the Board of Education to preclude the Board of Education from relitigating "the factual issues concerning the circumstances surrounding" the demotion, in the educator plaintiff's subsequent Section 1983 action in federal court. The district court granted summary judgment to plaintiff on the basis of collateral estoppel, finding the only remaining issue to be a "determination of damages which the Board's actions may have caused the plaintiff." *Id.* at 229; *see also Rourke v. New York State Department of Correctional Services*, 915 F. Supp. 525, 537 (N.D.N.Y. 1995) (granting plaintiff summary judgment on Title VII and Section 1983 claims and applying doctrine of offensive collateral estoppel, even where these were not the exact claims in underlying Article 78 proceeding); *Wilson v. City of Chicago*, 900 F. Supp. 1015 (N.D. Ill. 1995), *aff'd*, 120 F.3d 681 (7th Cir. 1997); *Negin v. City of Mentor*, 601 F. Supp. 1502 (N.D. Ohio 1985) (granting partial summary judgment based on offensive collateral estoppel even where precisely the same issues were not decided in prior proceeding).

The Second Circuit Court of Appeals has long recognized the doctrine of offensive collateral estoppel. *See Central Hudson Gas & Electric Corp. v. Empresa Naviera Santa S.A.*,

3

56 F.3d 359 (2d Cir. 1995). The New York Court of Appeals also have repeatedly found that offensive collateral estoppel principles have long applied in New York in the context of civil proceedings against Defendants. *See Schwartz v. Public Administrator*, 24 N.Y.2d 65 (1969) (burden rests on *defendant* to show collateral estoppel shall not be applied because he did not have a full and fair opportunity); *De Witt v. Hall*, 19 N.Y.2d 141 (1967) (no reason in policy or precedent to prevent the offensive use of a prior decision against defendant). Defendants fail to meet their burden here in showing why offensive collateral estoppel should not apply in this case.

Defendants' only option here is to try to reargue the Section 3020-a case against Plaintiff all over again, and hope that a different factfinder concludes differently this time that the reasons for the case against Plaintiff were legitimate. Should the Court not want to retry the entire yearlong-plus Section 3020-a trial (which it should not do under the doctrine of collateral estoppel), the only reasonable inference and logical conclusion that can be drawn here by a factfinder is that the disciplinary charges were brought against Plaintiff for an illegitimate retaliatory or nondiscriminatory purpose. As the district court stated in *Farley*, and for the sake of not wasting time and precious judicial resources, this Court should not allow Defendant Department of Education to relitigate what it has already had a full and fair opportunity to try and lost, and the only remaining issue should be for a determination of damages for Plaintiff.

Finally, it also should be noted here that the only specification sustained against Plaintiff in the original set of disciplinary specifications preferred against him concerned a February 13, 2004 incident involving guidance counselor Steven Lent. Defendants do not dispute that during the course of Plaintiff's disciplinary trial, and in violation of the DOE's clear disclosure and discovery obligations under the New York state education law, the DOE Administrative Trial

4

Unit attorney prosecuting the disciplinary case did not disclose a very relevant counseling memorandum from Plaintiff's school principal which already had resolved the entire incident as non-disciplinary in nature. *See* Letter dated March 10, 2004 from Principal Henderson, Exhibit 4 to Glass Declaration in Support of Plaintiff's Cross-Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment. Yet, the DOE Administrative Trial Unit nonetheless proceeded to charge the incident against Plaintiff anyway in Plaintiff's subsequent disciplinary charges, apparently conveniently deciding not to disclose the principal's memo resolving the incident to Plaintiff's counsel or to the neutral hearing officer. Clearly, had the DOE legally complied with its statutory and contractual obligations under the Section 3020-a process and the modifications thereto, this counseling memo would have been disclosed, and this disciplinary specification would have been dismissed and/or withdrawn as well.

This lack of disclosure by the DOE is indicative of the cavalier and non-serious manner in which Defendants have treated this entire case. Defendants essentially want a "do-over" of Plaintiff's disciplinary trial, having not succeeded in the original case against Plaintiff, and despite not even entirely "playing fair" under the statutory Section 3020-a and contractual rules in Plaintiff's disciplinary trial. The Court should apply longstanding doctrines of collateral estoppel and not allow such relitigation of what already has been decided against the DOE. The DOE, including the instant counsel, repeatedly argue collateral estoppel against teachers in federal court when disciplinary charges against teachers are sustained, *see, e.g., Saunders v. NYCDOE, et al.*, 07 CV 2725 (SJF)(LB); the DOE should now come to bear the very same consequences of collateral estoppel when the disciplinary charges are found without merit against the teacher.